Nov. Term,
1853.
——————
WILLARD
v.
THE STATE.

---

WILLARD *v.* THE STATE.

An indictment for retailing spirituous liquor charged that the defendant unlawfully bartered and sold, &c., one pint of spirituous liquor, but did not state, in terms, that the quantity sold was less than a quart. *Held,* that the charge was sufficient.

On the trial of the defendant for retailing, he offered in evidence the record of a former conviction for retailing, as evidence of a conviction for the same offence, but the evidence given at that trial was not set out in that record. The prosecuting witness testified that he had bought liquor from the defendant by a less quantity than a quart several times, but that he did not know and could not distinctly recollect that the time to which he then testified was any other or different from the time testified to by him in the said case in which the defendant had been convicted; but he further stated that the place where the liquor was sold was supplied with suitable bottles, liquors and fixtures for a bar; and that about the time of the selling in question, for a period of four weeks, he had drank at that bar habitually, some days as often as three or four times a day. *Held,* that the jury were authorized to infer that the offence charged was different from that on which he had before been convicted.

ERROR to the *Gibson* Circuit Court.

STUART, J.—This was an indictment for retailing spirituous liquors without license. Trial by jury and verdict of guilty. Motion for a new trial overruled, and judgment on the verdict.

Two errors are assigned.

*Thursday,
December* 1.

The first is, overruling the motion to quash the indictment.

The allegation which counsel deem defective, is, that *Willard* "unlawfully bartered and sold one pint of spirituous liquor," &c. It is not alleged, in so many words, that the quantity sold was less than a quart. But the allegation, as it stands, seems sufficient. A pint is a measure as well known as a quart. The one word is quite as definite as the other. An allegation that a pint was less than a quart could not be more explicit, and was, therefore, unnecessary.

If, in point of fact, the party sold the pint, not separately, but as part and parcel of a quantity more than a quart, to the same person at the same time, that was matter of evidence of which he could avail himself on the trial. The motion to quash was properly overruled.

The second error assigned is, overruling the motion for a new trial. The evidence is all set out in the record.

It appears that there were several indictments pending against *Willard* at the same term of the Court, for vending to the same person, on one of which he had been tried and convicted. The record in that case was given in evidence in the case at bar to prove a former conviction for the same offence. The witness testified that he had bought liquor from *Willard* by a less quantity than a quart several times; but that he did not know and could not distinctly recollect that the time to which he then testified was any other or different from the time testified to by him in case number one, in which *Willard* was already convicted.

The witness further stated, "that the place where the liquor was sold was supplied with suitable bottles, liquors and fixtures for a bar; that about the time of the selling in question, for a period of four weeks, witness had drank at that bar habitually, some days as often as three or four times a day."

The evidence given in the former trial was not set out in the record offered in evidence for the purpose of showing a former conviction.

Whether the former conviction was made out was a question for the jury. From the evidence of such repeated violations of the law, the inference might be safely indulged that the offence charged was different from that on which he had before been convicted.

*Per Curiam.*—The judgment is affirmed with costs.

*J. G. Jones* and *J. E. Blythe*, for the plaintiff.

*R. A. Riley*, *N. B. Taylor* and *J. Coburn*, for the state.