May Term,
1861.

Thompson
v.
The State.

*R. P. Davidson*, for the appellee.

------

## Thompson *v.* The State.

Section 128, 2 R. S., p. 378, which provides that where the defendant in a criminal case is adjudged to pay any fine and costs, he may be committed until the same are paid or replevied, is unconstitutional, so far as the same authorizes a commitment for the non-payment of costs, being in conflict with Art. 1, § 22 of the Constitution.

The costs in a criminal case are matters of private right, and constitute a mere indebtedness, for which, in the absence of fraud, a defendant can not be ordered to be imprisoned.

Thursday,
August 15.

APPEAL from the *Vigo* Circuit Court.

Hanna, J.—The appellant, *Thompson*, was indicted in the *Parke* Circuit Court for murder in the second degree, with a count for manslaughter. The venue was changed, on the application of the defendant, to the county of *Vigo*, where he was tried, and convicted of manslaughter, and, being a minor when the offense was committed, he was sentenced to imprisonment in the county jail for the term of one year, and that he stand committed until the costs of the prosecution, amounting to $390.18, were paid or replevied.

We have examined the record, and find but a single error contained in it. That error consists in ordering the defendant

to stand committed until the costs should be paid or replevied. This order was made in pursuance of a statute of the State. 2 R. S. 1852, § 128, p. 378. This provision of the statute we deem to be in conflict with the Constitution, which provides that "there shall be no imprisonment for debt, except in case of fraud." Art. 1, § 22.

In the case of *The State* v. *Farley*, 8 Blackf. 229, it was held that the costs which a defendant in a criminal case was adjudged to pay, belonged to individuals; that they were matters of private right, and that the Governor had no power to remit them by a pardon. We regard the costs in a criminal case as a matter of mere indebtedness, for which, in the absence of fraud, a defendant can not, in view of his constitutional immunity, be ordered to be imprisoned.

*Per Curiam.*—The judgment ordering the defendant to stand committed until the costs should be paid or replevied, is reversed; otherwise it is affirmed.

*J. H. Thompson*, for the appellant.

*W. P. Fishback*, for the State.