### SHAFER *v.* THE STATE.

The costs in a criminal case are matters of private right, and constitute a mere indebtedness, for which, in the absence of fraud, a defendant can not be ordered to be imprisoned.

APPEAL from the *Cass* Common Pleas.

*Per Curiam.*—Prosecution for selling liquor without license. The information is in this form: " *William W. Shuler,* prosecuting attorney for the Common Pleas district composed of the counties of *Cass, Miami, Wabash, Fulton* and *Kosciusko,* would inform the Court that on the 15th of *December,* 1860, at the county of *Cass,* one *Andrew Shafer* did then and there

Shafer *v.* The State.

unlawfully sell intoxicating liquors, by a less quantity than a quart at a time, to-wit: one-half gill of whisky, to one *John D. Shirk,* for the sum of five cents; the said *Andrew* not being licensed," &c. (Signed,) "W. W. SHULER."

Defendant moved to quash the information, but his motion was overruled, and thereupon he answered thus: "The defendant says that the State should not maintain her action in this case, because he says that *William W. Shuler,* by whom the information in this case purports to have been filed, is not the district prosecuting attorney in this Court, and was not when said information was filed." Demurrer to the answer sustained. The cause was then submitted to a jury, who found the defendant guilty, and assessed his fine at five dollars. Motion for a new trial denied, and judgment, that defendant be fined, &c., "and pay the costs in that behalf expended, and stand committed until the fine and costs are paid or replevied." As the information on its face seems to be unobjectionable, the motion to quash was correctly overruled. The answer is defective because *Shuler,* though not the regular prosecuting attorney, may, for aught that appears, have acted in the matter of filing the information, under a *pro tem.* appointment of the Court. *Dukes* v. *The State,* 11 Ind. 557.

The judgment, so far as it orders the defendant to stand committed until the costs are paid or replevied, is erroneous; *Thompson* v. *The State,* 16 Ind. 516; and must be reversed. For all else it is affirmed.

*L. Chamberlin,* for the appellant.