<hr/>

## STRUCKMAN v. THE STATE.

CRIMINAL LAW AND PRACTICE.—In an information for retailing intoxicating liquors, it is not sufficient to aver that the defendant, on, &c., at, &c., "did sell for five cents to one *B* one gill of intoxicating liquors," without license, &c., but it should affirmatively appear that the quantity sold was less than one quart.

Struckman v. The State.

OVERRULED CASES.—The case of *Willard* v. *The State*, 4 Ind. 407, so far as it is inconsistent with the decision herein, is overruled.

APPEAL from the *Bartholomew* Common Pleas.

WORDEN, J.—Information against the appellant for retailing without license. Motion to quash overruled, trial, conviction and judgment.

The information charges that the defendant, on, &c., at, &c., "did sell for five cents to one *Frederick Brockmeyer* one gill of intoxicating liquors," not being licensed, &c.

The principal objection to the information is that, it does not allege that the quantity sold was less than a quart. The statute prohibits the sale, without license, of any intoxicating liquors by a less quantity than a quart at a time; also, the sale, without license, of any such liquors (in any quantity) to be drunk on the premises. Acts 1859, p. 202. Is the information sufficient? It neither alleges that the quantity sold was less than a quart, nor that it was to be drunk on the interdicted premises. It simply charges the sale of one gill. It is undoubtedly true that Courts and juries may legally take notice of known and established measures of quantity; they may notice that a gill is a quantity less than a quart. But does the allegation bring the defendant within the prohibition? We think not. The gill sold may have been but part of a larger quantity, a quart or more. Suppose the defendant sold a quart, which he had a right to do without license, it would be true that he sold a gill, it would be true that he did just what the information charges him with doing. In the case of *Commonwealth* v. *Odlin*, 23 Pick. 275, the indictment charges the defendant with selling "one pint of spirituous liquors," under a statute that prohibited the sale of less than fifteen gallons. The indictment was held bad. The following remarks of the Court in that case are equally applicable here: "It seems to be a settled rule of law that where an

act is made penal, with certain exceptions and limitations embraced in the same clause of the statute, so as to be descriptive of the offense intended to be punished, it is necessary to state in the indictment that the act was done, and to negative those exceptions and qualifications, and that the precise statute offence can not otherwise be described and specified. As a mode of applying this rule, a test is often given thus: if all the facts alleged in the indictment may be true, and yet the defendant not guilty, the indictment is insufficient. This plain reason may be assigned for it, that a verdict does nothing more than verify the facts charged; and if these do not show the party guilty, he can not be considered as having violated the statute. To apply these rules this Court alleges affirmatively that the defendant did sell one pint," &c.   *   *   * If fifteen gallons were sold it would be true that one and many pints were sold. But the indictment should aver that that pint was not part of a larger quantity, and all carried away at one and the same time, and then it would allege a violation of the law. We do not consider that any particular form of words must be adopted, but some words must be used which do convey to the mind the idea of a sale under fifteen gallons. Were it said, "less than fifteen gallons, to-wit: one pint," or "one pint and no more," or words equivalent, it would be sufficient. But simply averring affirmatively that the defendant did sell one pint, without some words negativing a larger quantity, is not bringing the case within the statute."

We are aware that in *Willard* v. *The State*, 4 Ind. 407, an indictment which charged that the defendant "unlawfully bartered and sold one pint of spirituous liquors," &c., was held sufficient. But we think it more in accordance with the well established principles of criminal pleading to hold that some further allegation is necessary to show that the quantity sold was less than the quantity named in the statute.

The information, in our opinion, was defective and should have been quashed.

*Per Curiam.*—The judgment below is reversed.

*Francis T. Hord,* for the appellant.

*Oscar B. Hord,* Attorney General, for the State.