Reams *v.* The State.

## REAMS *v.* THE STATE.

| 23 | 111 |
| 137 | 559 |
| 23 | 111 |
| 142 | 186 |
| 23 | 111 |
| 145 | 459 |
| 23 | 111 |
| 152 | 16 |

JURISDICTION.—The question of jurisdiction over the subject matter may be raised by motion in arrest of judgment, or for such defect the court may arrest the judgment without motion, and it would be the duty of the Supreme Court on appeal to reverse the judgment on such objection.

TEMPERANCE LAW.—Section 14, 1 G. & H. 617, of the temperance law of 1859, is constitutional, overruling *Lauer* v. *The State,* 22 Ind. 461, and reaffirming the ruling on this point in *Thomasson* v. *The State,* 15 Ind. 449, p. 112.

SAME—INDICTMENT.—An indictment charging that *A* "did unlawfully sell one pint of intoxicating liquor," etc., but which did not charge that the quantity of liquor sold was less than a quart, was held good; overruling *Struckman* v. *The State,* 21 Ind. 160, p. 113.

APPEAL from the *Tipton* Circuit Court.

GREGORY, J.—At the *March* term, 1863, of the *Tipton* Circuit Court, *Reams* was indicted for retailing. The indictment charges that *George Reams,* etc., did unlawfully sell one pint of intoxicating liquor to *Uriah Wilcox,* for thirty cents; the said *George Reams* not then and there being licensed, according to law, to vend intoxicating liquors in less quantities than a quart at a time. Trial by the court, finding, and judgment against the defendant. There was no motion in the court below to quash or in arrest of judgment; but it is insisted that the questions involved may be examined in this court in the absence of such motions.

The question of jurisdiction over the subject matter may be taken advantage of by motion in arrest. 2 G. & H. 424, sec. 144. And for such defect the court may, without motion, arrest the judgment. *Ib.* 424, sec. 145. And it would be the duty of this court, on appeal, to reverse the judgment for such objection.

Had the *Circuit Court* jurisdiction?

In the case of *Lauer* v. *The State,* 22 Ind. 461, in a *per curiam* opinion, this court ruled. that section 14, 1 G. & H. 617, of the temperance law of 1859 is not embraced

by the title thereof, nor properly connected with the subject matter of it, and is, therefore, unconstitutional and void; overruling the case of *Thomasson* v. *The State,* 15 Ind. 449. Unembarrassed by previous decisions, the question under consideration is one of no difficulty.

Sec. 19, art. 4, of the constitution of this state, provides that "every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

The title of the act is "An act to regulate and license the sale of spirituous, vinous, malt, and other intoxicating liquors; to prohibit the adulteration of liquors; to repeal all former laws concerning the provisions of this act, and providing penalties for violation thereof."

It is said that "the subject of jurisdiction of courts, and of practice therein for the prosecution of offenses, is not mentioned in the title."

It is clear to us that the legislature may, in an act creating a new offense, provide for the punishment thereof.

This provision of the constitution only requires the subject to be expressed in the title. Matters properly connected therewith need not be.

An act regulating the sale of intoxicating liquors, and providing penalties for violation thereof, is the subject, and the manner of enforcing such penalties is a matter properly connected therewith; and, without such provision, the act would have no vitality.

The case of *Lauer* v. *The State, supra,* is overruled, and the ruling on this point in the case of *Thomasson* v. *The State, supra,* is reaffirmed.

Does the charge in the indictment constitute a public offense?

It is objected to the indictment that it does not charge

that the quantity of liquor sold was less than a quart; and the case of *Struckman* v. *The State*, 21 Ind. 160, is relied on. This case overruled the case of *Willard* v. *The State*, 4 Ind. 407, on the authority of the case of *Commonwealth* v. *Odlin*, 23 Pick. 275.

Whatever may be the rule in *Massachusetts*, in this state the requisites of an indictment are defined by *statute*.

There are several provisions bearing on this question :

"The indictment or information must contain, a statement of the facts constituting the offense, in plain and concise language, without repetition." 2 G. & H. 400, 401, sec. 54.

"The words used in an indictment must be construed in their usual acceptation, in common language, except words and phrases defined by law, which are to be construed according to their legal meaning." *Ib.* 403, sec. 58.

"Words used in the statute to define a public offense, need not be strictly pursued, but other words, conveying the same meaning may be used." *Ib.* 403, sec. 59.

"That the offense charged is stated with such a degree of certainty, that the court may pronounce judgment upon a conviction, according to the right of the case." *Ib.* 403, sec. 50, c. 5.

"No indictment or information may be quashed or set aside, etc., . . . . for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." *Ib.* 404, sec. 51, c. 7.

In the light of these statutory rules of pleading in criminal cases, we are inclined to the opinion that this indictment is good, even on motion to quash; but after verdict the defect, if any, is cured.

If, in point of fact, the party sold the pint, not separately, but a part and parcel of a quantity more than a quart, to the same person, at the same time, that was a matter of evidence, and conviction in such case could not have fol-

lowed. After trial and verdict the question, we think, is purely technical.

Judgment affirmed.

*Lindsay & Lewis*, for appellant.

*D. E. Williamson*, Attorney General, for the State.

NOTE.—There were two other cases between the same parties, involving the same questions, decided on the authority of this case.