McCool *v.* The State.

*McDonald & Roache,* for appellant.

*W. R. Harrison* and *W. S. Shirley,* for appellee.

————————•————————

## McCool *v.* The State.

SALE OF SPIRITUOUS LIQUORS—INDICTMENT.—An indictment charging the sale of "one pint of intoxicating liquor," without the averment in terms that it was less than a quart, is good. Page 129.

CRIMINAL PLEADINGS—CERTAINTY.—The statute requires no greater degree of certainty in criminal than in civil pleadings. Page 129.

IMPRISONMENT FOR DEBT.—The 22d section of the 1st article of the constitution, providing that "there shall be no imprisonment for debt except in

McCool *v.* The State.

case of fraud," applies only to debts within the proper and legal meaning of that term. Page 130.

SAME—COSTS IN CRIMINAL PROSECUTION.—Neither the fine or costs adjudged against the defendant because of his criminal act are within the meaning of the constitutional provision forbidding imprisonment for debt. Page 131.

COSTS—COMMITMENT.—In a prosecution for retailing intoxicating liquors without license, the judgment that the defendant stand committed till the fine and costs are paid or replevied is not incorrect. *Thompson* v. *The State*, 16 Ind. 516, overruled. Page 132.

APPEAL from the *Howard* Common Pleas.

ELLIOTT, J.—The defendant was prosecuted in the *Howard* Common Pleas for retailing intoxicating liquors without license. Trial by the court, conviction, and judgment that the defendant pay a fine of $5 and costs, and that he stand committed until the fine and costs are paid or replevied. The defendant below appeals. There was no motion to quash the information, nor were any exceptions taken. It is, however, insisted that the information is not sufficient to justify a conviction and judgment, and that the objection may be taken advantage of on error.

The information charges that "*Richard McCool*, on or about the 15th day of *January*, A. D. 1864, at and in *Howard* county, etc., did then and there unlawfully sell *one pint* of intoxicating liquor to *Jonathan Langley*, for the sum of twenty cents. He, the said *Richard McCool*, not then and there being licensed, according to law, to sell intoxicating liquors in a less quantity than a quart at a time, as *Jonathan Langley* has complained," etc. The objection urged is, that the information does not aver with sufficient certainty that the quantity of intoxicating liquor sold was *less* than a quart.

In *Willard* v. *The State*, 4 Ind. 407, this court held— *Stuart*, Justice, delivering the opinion of the court—that an indictment charging the sale of a *pint* of spirituous liquors was good on a motion to quash, without the averment that it was less than a quart. The court in that case say: "A pint is a measure as well known as a quart. The one

is quite as definite as the other. An allegation that a pint was less than a quart could not be more explicit, and was therefore unnecessary."

" If, in fact, the party sold the pint, not separately, but as a part and parcel of a quantity more than a quart, that was a matter of evidence of which he could avail himself on the trial." In the more recent case, however, of *Struckman* v. *The State*, 21 Ind. 160, the court, in a similar case, overruled the opinion in the former, and held that the information was not sufficient. This latter opinion is founded on the opinion of the court in the case of *The Commonwealth* v. *Odlin*, 23 Pick. 275. In that case the indictment charged the defendant with selling " one pint of spirituous liquors," under a statute prohibiting the sale of less than fifteen gallons. The indictment was held bad. The argument seems to be, that the pint sold may have been but a part of a quantity more than a quart; and that if so, still the allegation in the information that the defendant sold a pint, would be true, as the sale would embrace not only one, but many *pints*.

This argument seems quite technical, and would require, in criminal pleadings, the highest degree of certainty known to the law. We apprehend that the court, in the case referred to in 23 Pick. 275, was governed by the common law rule requiring a greater degree of certainty in criminal proceedings than is required under the statutes of this state.

The rule governing pleadings in civil cases requires that they shall be certain to a common intent; and, as we understand the statute, it requires no greater degree of certainty in criminal than in civil pleadings. The statute requires that " the words used in the indictment must be construed in their usual acceptation in common language, except words and phrases defined by law, which are to be construed according to their legal meaning;" that "the indictment or information" is sufficient if " the offense charged is clearly set forth, in plain and concise language,

without repetition," and "that the offense charged is stated with such a degree of certainty that the court can pronounce judgment, upon conviction, according to the right of the case." 2 G. & H. 403. The statute on which the information is founded prohibits the sale, without license, of any quantity of intoxicating liquors less than a quart at a time. The information charges the sale of "*one pint*," a known quantity, less than a quart; and when these words are construed in their usual acceptation in common language, we think that the offense is charged with such a degree of certainty that the court may pronounce judgment upon conviction, according to the right of the case.

The court, in rendering judgment for the fine and costs, adjudged that the defendant should stand committed to the custody of the sheriff until the fine *and costs* were paid or replevied, and it is claimed that the court erred in adjudging · that the defendant should be committed for *costs.* The statute provides that, "when the defendant is adjudged to pay any fine and costs, the court shall order him to be committed to the jail of the county until the same are paid or replevied." 2 G. & H. 421, sec. 128. The judgment of the court in this case is in accordance with this section of the statute. But it is urged that the costs in such cases are debts due to private parties, officers, etc., and as the constitution prohibits imprisonment for debt, except in cases of fraud, that so much of the section of the act above recited as provides for the imprisonment of the party until the costs are paid or replevied, is in conflict with the 22d section of the 1st article of the constitution of the state, and is therefore void. That section is as follows: "The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted; and there shall be no imprisonment for debt, except in case of fraud." 1 G. & H. 32, 33, sec. 22.

We are not aware that it has ever been claimed that the first clause of this section, extended to liabilities other than those growing out of contracts, either express or implied. Such seems to have been the interpretation given to it by the legislature, in providing "that an amount of property not exceeding in value $300, owned by any resident householder, shall not be liable to sale on execution, or any other final process from a court, for any debt growing out of or founded upon a contract, express or implied, after the 4th of July, 1852." The second clause of the section prohibiting imprisonment for debt, except in case of fraud, connected, as it is, with the first clause by the copulative conjunction, would seem to relate to the same subject or class of liabilities, and if so, the immunity contemplated by the second clause would be confined to debts or liabilities growing out of contracts, and not to liabilities resulting from crimes or torts. It is not necessary, however, for the decision of the question presented in this case, that we should determine the character of all the liabilities to which it may apply. It must, however, be a *debt* within the proper and legal meaning of that term. In criminal prosecutions, *fines* are assessed against the parties convicted as a punishment for their criminal acts, and they are also taxed with the costs of prosecution. It is not contended that the legislature may not provide that the defendant shall be held in custody until the fine is paid or replevied.

The costs are but an incident of the fine assessed, resulting from the same act; and, although they are due to the officers of the court and witnesses for services rendered in the course of the prosecution, they are adjudged against the defendant because of his criminal act, and may be fairly regarded as a part of the punishment. The fine, when assessed, becomes a fixed liability to pay the *state* a definite amount of money. The costs are taxed, and are due to the officers and witnesses, and we are at a loss to perceive upon what principle the latter is a debt within the meaning of the section of the constitution referred to,

while the former is not. The fact that the one is payable to the state and the other to individuals, we think, furnishes no ground for such a distinction. In our opinion, neither of them is a debt within the meaning of the constitutional provision referred to, and the judgment of the court below was therefore correct.

This opinion being in conflict with the opinion of the court in the case of *Thompson* v. *The State*, 16 Ind. 516, the latter is therefore overruled.

Judgment of the court below, in this case, affirmed, with costs.

*James W. Robinson*, for appellant.

*Oscar B. Hord*, Attorney General, for the State.