## LAW *v.* VIERLING.

SET-OFF.—*Docket Fees.*—*Set-Off against Promissory Note.*—To a suit upon a promissory note the defendant answered by way of set-off, that the plaintiff was indebted to the defendant in a certain sum, being the amount of certain docket fees due and owing the defendant as district attorney for prosecuting and convicting the plaintiff in cases of misdemeanors, which docket fees were taxed by a certain justice of the peace against the plaintiff in favor of the defendant.

*Held*, that the answer was good; and it was not necessary to file copies of the judgments in which the fees were taxed or allege that the judgments or costs taxed were in full force and unreversed.

SAME.—An answer of set-off will not be bad because it purports to answer the whole of the complaint and only answers a part thereof.

DOCKET FEES.—*Justice of the Peace.*—*Collateral Proceeding.*—The action of a justice of the peace in taxing docket fees in prosecutions for misdemeanors cannot be inquired into collaterally.

From the Gibson Common Pleas.

*W. M. Land,* for appellant.

*A. C. Donald,* for appellee.

OSBORN, J.—This was an action by the appellee against the appellant on a promissory note.

The second paragraph of the answer alleges, "that at the time of the commencement of this suit, the plaintiff was and still is indebted to the defendant in the sum of fifty-seven dollars, being the amount of nineteen docket fees of three dollars each, due and owing to the defendant as district attorney, for prosecuting and securing the conviction of the plaintiff at the request of the injured parties, upon pleas of not guilty, before Andrew J. Wright, a justice of the peace of Gibson county, on the 7th day of January, 1870, in nineteen cases of misdemeanor, to wit, selling intoxicating liquors at retail without license, which said docket fees were taxed by said justice as costs against the plaintiff in favor of the defendant; and that the same is now due and remains wholly unpaid." Prayer that a sum thereof equal to the residue of plaintiff's claim, etc., be set off, and for judgment for the residue, etc. To which a demurrer was filed, on the

ground that it did not state facts sufficient to constitute a defence to the action. The demurrer was sustained, and after a trial by the court and finding for the appellee, final judgment was rendered against the appellant.

The error assigned calls in question the ruling of the court below in sustaining the demurrer to the second paragraph of the answer.

It was not necessary to file a copy of the judgment with the answer. *Lytle* v. *Lytle*, 37 Ind. 281 ; *Campbell* v. *Cross,* 39 Ind. 155. Nor to aver in the answer that the judgment or costs remained in full force, unpaid, and unreversed. *Campbell* v. *Cross, supra.*

The answer was not bad on the ground that it purported to answer the whole, and only answered a part, of the complaint. *Curran* v. *Curran,* 40 Ind. 473 ; *Dodge* v. *Dunham,* 41 Ind. 186.

The above cases were decided since the trial and judgment of the case at bar.

It is alleged in the paragraph under consideration, that the costs were taxed in favor of the appellant against the appellee by the justice who rendered the judgment. By the judgment and taxation, such costs became the private property of the appellant, and even the governor's pardon could not discharge the appellee from their payment. *The State* v. *Farley,* 8 Blackf. 229 ; *Thompson* v. *The State,* 16 Ind. 516 ; *McCool* v. *The State,* 23 Ind. 127. It is true that *McCool* v. *The State* overruled *Thompson* v. *The State* on one point, and held that judgment might be rendered that the defendant should stand committed until the fine and costs should be paid or replevied ; still it expressly stated that "the costs are taxed and are due to the officers and witnesses." The action of the justice could not be inquired into collaterally to ascertain and determine whether it was correct or not. *Larr* v. *The State, ex rel. Wagoner, post,* p. 364.

The judgment of the said Gibson Common Pleas is reversed, with costs. The cause is remanded, with instruc-

tions to the court below to overrule the demurrer to the second paragraph of the answer, and for further proceedings in accordance with this opinion.