## ARBINTRODE *v.* THE STATE.

LIQUOR LAW.—*Criminal Law.—Appeal after Plea of Guilty.—Indictment.*— A defendant in a criminal prosecution may appeal to the Supreme Court, from a judgment rendered on his plea of "guilty," and there attack the indictment for the first time.

SAME.—*Quantity.*—An indictment for a violation of the liquor law charged that the defendant, "on," etc., "at," etc., "did then and there unlawfully sell intoxicating liquor, to wit, one gill, to one" named and alleged to be a minor.

*Held*, that, for want of an averment that the quantity sold was less than a quart at a time, the indictment is insufficient.

From the Huntington Circuit Court.

*L. P. Milligan* and *A. Moore*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

WORDEN, J.—An indictment, properly found in the court below, charged, that the appellant, "on," etc., "at," etc., "did then and there unlawfully sell intoxicating liquor, to wit, one gill, to one Franklin Churchill, at and for the price of five cents; he, the said Franklin Churchill, being then and there a person under the age of twenty-one years," etc.

Arbintrode *v.* The State.

The appellant pleaded guilty to the indictment, and was fined. He has appealed and assigned for error, in substance, that the facts alleged in the indictment do not constitute an offence.

If it be true that the facts alleged do not constitute an offence, the appellant has lost nothing by pleading guilty to the indictment. He may appeal and attack the indictment, for the first time, in this court. *Henderson* v. *The State*, 60 Ind. 296; *O'Brien* v. *The State*, 63 Ind. 242.

We proceed then to enquire whether the facts stated constitute a case.

In the case of *The State* v. *Zeitler*, 63 Ind. 441, it was held not to be unlawful to sell intoxicating liquor to a minor, an intoxicated person, or any other person, unless the sale was by a less quantity than a quart at a time. Clearly, it was not the intention of the statute to prevent a minor from trafficking in intoxicating liquors by the purchase and sale thereof in large quantities.

Taking it as settled that, in order to make such sale to a minor an offence, it must appear that the quantity sold was less than a quart, the question arises whether it is shown by the indictment in the case before us that the quantity sold by the appellant was less than a quart.

The indictment need not allege the specific quantity sold, if it show that the quantity was less than a quart. *The State* v. *Jacks*, 54 Ind. 412; Moore Crim. Law, 876, note 1. In this case, the indictment alleges that the defendant "did then and there unlawfully sell intoxicating liquor, to wit, one gill," etc. It is not alleged that the quantity sold was less than a quart, nor that the defendant sold the gill and no more.

The question is not whether the courts will take notice of the standards of measure, and therefore that a gill is less than a quart; but whether the courts will or can legal-

ly assume that, because the appellant sold a gill, he did not sell any more at the. same time, and therefore that he committed an offence. This would be .assuming what is not charged in the indictment, and making out an offence by an unauthorized inference. If all the facts charged in the indictment may be true, and yet the defendant be guilty of no offence, the indictment must be insufficient.

It may be true, that the appellant sold the gill of intoxicating liquor, and yet he may not have been guilty of any offence, because the gill may have been but a part of a larger quantity sold. The fallacy of the contrary view lies in assuming that, because the appellant sold a gill, he did not sell a larger quantity at the same time. If the appellant had sold a gallon or a barrel, he would have been guilty of no offence whatever; and yet it would be true that he sold a gill. The question involved is not a new one in his court.

In the case of *Willard* v. *The State*, 4 Ind. 407, it was held that an indictment charging that the defendant " unlawfully bartered and sold one pint of spirituous liquor," etc., was sufficient. But in the case of *Struckman* v. *The State*, 21 Ind. 160, the question was again considered, and it was decided that an indictment charging the sale of " one gill of intoxicating liquors" was insufficient as not showing the sale of a less quantity than a quart. The case was decided in part on general principles, and in part on the authority of the case of *Commonwealth* v. *Odlin*, 23 Pick. 275, which is exactly in point. The like decision was made in the case of *Wood* v. *The State*, 21 Ind. 276.

In the case of *Reams* v. *The State*, 23 Ind. 111, and *Mc-Cool* v. *The State*, 23 Ind. 127, a different conclusion was reached. In each of those cases it was held that an indictment charging the sale of a pint was sufficient, as to the quantity sold.

In this diversity in the decisions of this court, we are at liberty to follow that line which seems to us to be most in harmony with general principles of law applicable to criminal proceedings. And we think that, in accordance with those general principles, such indictment should show by its averments that the quantity of liquor sold was less than a quart, and not leave the matter to rest upon inference or conjecture.

We quote, in conclusion of this opinion, the following paragraph from the opinion of the court in the case above cited from 23 Pick., delivered by SHAW, C. J. In that case the law prohibited a sale of less than fifteen gallons, and the defendant was charged with having sold one pint. The court said:

"We do not consider that any particular form of words must be adopted; but some words must be used, which do convey to the mind the idea of a sale under fifteen gallons. Were it said, ' less than fifteen gallons, to wit, one pint,' * or ' one pint and no more,' or words equivalent, it would be sufficient. But simply averring, affirmatively, that the defendant did sell one pint, without some words negativing a larger quantity, is not bringing the case within the statute."

In our opinion the indictment does not charge any offence.

The judgment below is reversed, and the cause remanded.