### BARTLEMY BURROUGHS v. THE STATE OF INDIANA.

*Prosecution by Information and Affidavit.*—The common law mode of prosecution
for felony is by indictment; and where a prosecution is instituted by information
and affidavit, the facts authorizing that mode must appear not only in the informa-
tion, but also in the affidavit.

Filed March 31, 1881.

Appeal from Wayne.

Opinion of the court by Mr. Justice Worden.

An affidavit was filed in the court below against the appel-
lant, charging him with the commission of grand larceny in the
county of Wayne, and setting forth the offense specifically; but
it stated none of the facts authorizing a trial to be had on affi-
davit and information, as provided for by the act of March 29,
1879, Acts 1879, p. 143.

An information was also filed by the prosecuting attorney,
charging the larceny, and also that the appellant was in custody
in the jail of that county on a charge of the same larceny, and
that no grand jury was in session and had not been since the
arrest of the appellant.

The appellant pleaded guilty to the charge, and was sentenced to imprisonment in the penitentiary.

It is assigned for error that the affidavit does not state facts sufficient to constitute a public offense, for which the appellant could be put upon trial by information.

In the case of *Lindsay* v. *The State*, (Feb. 21, 1881,) it was held that the affidavit must state facts which give the court authority to try a party for a felony on affidavit and information without indictment; and that if it does not, advantage may be taken of the defect by motion in arrest of judgment. That case is decisive of the present; for whatever is sufficient to arrest the judgment, may be assigned for error. See *Arbintrode* v. *The State*, 67 Ind., 267.

The common law mode of prosecution for felony is by indictment; and where the State prosecutes without indictment, by affidavit and information, the facts authorizing that mode of prosecution should be verified as well as the commission of the offense. The statute does not contemplate, as we think, that the affidavit may state less than is required to be stated in the information.

There is no hardship in this construction, for if the person who makes affidavit of the commission of the offense has no knowledge of the facts which authorize a trial without indictment, upon affidavit and information, his affidavit may be supplemented by that of some person who has knowledge of such facts.

The judgment below is reversed and the cause remanded for such further proceedings as may be deemed proper.

The clerk will give notice for the return of the prisoner.