## Noah Payne v. The State of Indiana.

1. *Liquor Law—Statute Construed.*—It was not intended by sec. 13 of the liquor law to prohibit all sales of intoxicating liquors to minors, but to prevent such sales to them for the purposes of drinking.

2. *Same—Indictment.*—An indictment which charges an offense in the language of the statute, by which the offense is defined, is good.

3. *Same—Defense—Excuses and Justifications.*—Matters of excuse and justification are matters of defense and the State is not bound to allege that they do not exist.

4. *Same—Sales to Minors.*—Sales to minors for lawful business purposes, or for sacramental, medicinal or mechanical purposes are lawful.

5. *Same—Quantity.*—The quantity of liquor sold is not the controlling element of the offense, as it is where the charge is for retailing without a license.

*Cases Overruled* —So much of the cases of *Arbintrode* v. *State*, 67 Ind. 267, and Grupe v. State, id. 327, as conflict with this opinion are overruled.

Filed June 20, 1881.

Appeal from the Monroe Circuit Court.

Opinion of the court, by Mr. Justice Elliott.

The indictment upon which the appellant was tried and convicted charges that: The appellant "did unlawfully sell to one Lute H. Goskins who was then and there a person under twenty-one years of age, one quart of intoxicating liquor at and for the price of one dollar."

The contention of appellant's counsel is, that the indictment is bad, because it does not aver that the quantity of liquor sold was less than a quart.

The section of the statute upon which the indictment is founded is as follows: "If any person shall sell, barter or give away, directly or indirectly, any spirituous, vinous or malt liquors, to any person under the age of twenty-one years, he shall be deemed guilty of a misdemeanor, and, upon conviction thereof be fined in any sum not less than ten nor more than fifty dollars." If this section is to be taken as an independent and distinct enactment standing apart from the other sections of the statues, of which it forms a part, then it must be held to absolutely prohibit all sales of intoxicating liquor to persons under twenty one years of age. One section of a statute cannot, however, be isolated from all others, un-

less there are express words so requiring, and there are no such words in the statute under consideration. The section quoted must be taken in connection with the other provisions of the statute in which it is written.

Construing, as we must, section 13, in connection with the other provisions of the statute, we are brought to the conclusion that the Legislature did not mean to prohibit all sales to minors. What is meant, is, that no person, whether licensed to sell liquor or not, shall sell intoxicating liquor to a minor, for use as a beverage. The evident intention of the statute, is to prevent licensed or unlicensed dealers from supplying persons of non-age, with intoxicating liquor, for the purpose of drinking, whether on or off the premises of such dealer. It was not intended to prohibit minors from buying intoxicating liquor for sacramental, medicinal, mechanical or business purposes.

The construction which we have given the statute, and which it is clear is the only one it will bear, does not, however, lead to the conclusion that the indictment is bad. In our opinion, the indictment states such facts as show a violation of the statute, for it shows the performance of an act which the statute expressly forbids. The words of the statute are used in charging the offense, and it is a familiar general rule, that it is sufficient to charge an offense in the language of the statute by which the offense is defined. That there are some exceptions to this general rule, is true, but it is equally true that this case does not fall within any of these exceptions. There is a full and accurate description of the offense, in the indictment under examination; time, place, persons, and the character of the acts constituting the offense, are all fully stated.

The facts stated in the indictment, make a case, within the statute, if there are any facts constituting a defense, the accused must show them. The State is not bound to anticipate defenses and aver facts rendering them unavailing.

Excuses and justifications must come in by way of defense; there is no such presumption of their existence as requires the State to allege that they do not exist.

The ruling which we here declare is in harmony with *Ward* v, *State*, 48 Ind. 289; *Goetz* v. *State*, 41 Id. 162; *Farbuck* v. *State*,

24 Id. 72; *Kalb* v. *The State,* 14 Id. 403; *State* v. *Hartfield,* 24 Wisc. 60.  It was held in the cases cited, that the want of knowledge, that the purchaser was a minor, was a matter of defense, and, upon the reasoning which sustains that conclusion, it must be held that other matters of excuse or justification are also matters of defense.

In holding, as we do, that such sales of intoxicating liquor to a minor as that described in the indictment under mention, are *prima facie* violations of the law, we do not mean to hold that proper matter of justification or excuse may not be shown in defense.  Upon the contrary, we decide, as already indicated, that a sale to a minor for a lawful business purpose, or for sacramental, medicinal, or mechanical purposes, would not be a violation of the law.  The cases of *Arbintrode* v. *State,* 67 Ind. 267, and *Grupe* v. *State,* Id. 327, do sustain appellant's contention upon this precise point, but, to this extent, these cases are built entirely upon *Zeitler* v. *State,* 63 Ind. 441.

The latter case is overruled by *Carl* v. *The State,* decided at this term.  The fall of *Zeitler* v. *The State,* carries down so much of the case referred to as rest upon it.  We have approved the cases mentioned in every recent decisions, upon several points, and we are not to be understood as disapproving them, except in so far as they may directly conflict with the decision here made.

The quantity of liquor sold to, is not the controlling element of the offense, as it is where the charge is for retailing liquor without a license.  In the former case, the controlling element is the purpose for which the purchase was made.  It is certainly quite as injurious to the morals and welfare of a child to sell it a quart of whisky as it is to sell it a gill, and no more.  The object of the statute obviously is to keep from persons of non-age all intoxicating liquors, and not to permit such persons to buy them for use as a beverage in any quantity, great or small.

Judgment affirmed, at costs of appellant.

Buskirk & Duncan, for appellant.