

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. B. Ritchey
County Attorney
Jasper County
Jasper, Texas

Dear Sir:

Opinion No. O-4236
Re: Costs in criminal cases -
Articles 784 and 1055,
V. A. C. C. P.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I am writing regarding your opinion No. O-4159, which I have just received regarding allowance of time by the judge in county court on misdemeanor cases, where such time was allowed when the same had been served prior to conviction and sentence. After studying your ruling, it has brought other questions to my mind that I would appreciate your clearing up for me.

"First, is it your ruling that the costs in the case which I cited to you would have to be served subsequent to the conviction, even though the judge allowed the time or credit for the time already served, and there had been sufficient time served prior to conviction and sentence for both costs and the sentence of four months. Also I want to make it clear, if I did not in my statement of the case to you, the sentence read that the defendant was to serve four months in jail and pay the costs of court. As I understand your ruling, despite the grant of time served, and despite the fact defendant had served prior to sentence ample

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

time for both costs of court and the sentence
of the court of four months in jail, the
credit could be allowed on the jail sentence
but not on the costs of court. Therefore,
for the officers to be entitled to their fees,
the costs of court would have to be served out
subsequent to the sentence by the court. Am
I right in this interpretation of your rul-
ing?

"Secondly, where there is a jail sentence
and costs served out in jail by a defendant in
a misdemeanor case assessed in county court,
are the officers entitled to their one half
fees? In other words, is there any difference
where there is a jail sentence and costs assess-
ed against a defendant or where there is a fine
and costs assessed? That is, are the officers
entitled to their half fees in either case where
the same are laid out in jail?

"Thirdly, say we have a fine of $100.00
and costs of court as a judgment in county
court against the defendant, and in the sen-
tence the Judge grants him the time as a credit
on the fine and costs that he has already serv-
ed in jail prior to conviction and sentence.
And suppose in such instance, the defendant
had spent ten days in jail prior to this sen-
tence, and he is given credit for the ten days
on the fine and costs. Can such credit be al-
lowed, and are the officers entitled to their
one-half fees?"

Articles 768, 784 and 1055, Vernon's Annotated
Texas Code of Criminal Procedure, read as follows:

"Art. 768. If a new trial is not granted,
nor judgment arrested in felony cases, the
sentence shall be pronounced in the presence
of the defendant at any time after the expira-
tion of the time allowed for making the motion
for a new trial or the motion in arrest of judg-
ment; provided that in all criminal cases the
judge of the court in which defendant was con-
victed, may within his discretion, give the
defendant credit on his sentence for the time,
or any part thereof, which said defendant has

Honorable R. B. Ritchey, Jr., Page 3

spent in jail in said cause, from the time
of his arrest and confinement until his sen-
tence by the trial court; and provided fur-
ther that in all cases where the defendant
has been tried for any violation of the laws
of the State of Texas, and has been convicted
and has appealed from said judgment and/or
sentence of conviction, and where said cause
has been affirmed by the Court of Criminal
Appeals, and after receipt of the mandate by
the Clerk of the trial court, the judge is
authorized to again call said defendant be-
fore him, and if, pending appeal, the defend-
ant has not made bond or entered into recogni-
zance and has remained in jail pending the
time of such appeal, said trial judge may then
in his discretion re-sentence the defendant,
and may subtract from the original sentence
pronounced upon the defendant, the length of
time the defendant has lain in jail pending
such appeal; provided, however, that the
provisions of this Act shall not apply after
conviction and sentence in felony cases in
which bond or recognizance is not permitted
by law."

"Art. 784. If the punishment is any
other than a fine, the judgment shall specify
it, and order it enforced by the proper pro-
cess. It shall also adjudge the costs
against the defendant, and order the collec-
tion thereof as in other cases."

"Art. 1055. The county shall not be
liable to the officer and witness having
costs in a misdemeanor case where defendant
pays his fine and costs. The county shall
be liable for one-half of the fees of the
officers of the Court, when the defendant fails
to pay his fine and lays his fine out in the
county jail or discharges the same by means
of working such fine out on the county roads
or on any county project. And to pay such
half of costs, the County Clerk shall issue
his warrant on the County Treasurer in favor

Honorable R. B. Ritchey, Jr., Page 4

of such officer to be paid out of the Road
and Bridge Fund or other funds not otherwise
appropriated."

The case of Ex parte Mann, 46 S. W. 828, holds
that the power of the Governor to remit fines and for-
feitures does not extend to the release of the convicted
person from the payment of the costs assessed against him.
We quote from the opinion in said case as follows:

". . . And, following this idea, our
supreme court, in State v. Dyches, 28 Tex.
535, held that the governor had no authority
to remit the costs. It seems to be a rule
of almost universal application that the re-
mission by pardon of a fine or forfeiture
cannot devest an interest in either which by
law is vested in a private person or persons.
. . . The authority of the governor to par-
don or remit fines, forfeitures, and penalties
is one placed within his power and authority
by the people of this state, to be exercised
in the name and behalf of the people, and it
is for the benefit of the public. He is
their representative. They have not conferred
authority upon him to take away the rights
of individuals or of officers of the state
when these rights have become vested. His
pardoning power, or his power to remit fines,
forfeitures, and penalties, can go no further
than the public may be interested. So we may
say, as far as the citizen is concerned, when
any of his rights have become vested, it is
beyond the power of the governor to interfere.
Such we understand to be the unbroken line of
authorities. We hold that the pardon granted
by the governor cannot operate as a release
of the convicted person, in a case like the
one in hand, from the payment of costs ad-
judged against him. Without going further
into a discussion of the question, we cite
the following authorities in support of the
views herein expressed: Ex parte McDonald,
2 Whart. 440; Estep v. Lacy, 35 Iowa, 419;
State v. Farley, 8 Blackf. 229; State v.
McO'Blenis, 21 Mo. 272; Schuylkill Co. v.

157

Honorable R. B. Ritchey, Jr., Page 5

        Keifsnyder, 46 Pa. St. 446; Holliday v. People,
        5 Gilman, 214; 1 Bish. Cr. Law, | 916; In re
        Boyd, 34 Kan. 573, 9 Pac. 240; State v. Mooney,
        74 N. C. 98; Smith v. State, 6 Lea, 637;
        Chit. Cr. Law, 742, 764; 3 Inst. 240, 241;
        5 Bac. Abr. 286, 287; 4 Bl. Comm. 399; U. S.
        v. Lancaster, 4 Wash. C. C. 64, Fed. Cas. No.
        15,557; In re Flournoy, 1 Kelly, 606; Black,
        Const. Law, p. 275; In re Wheeler, 34 Kan.
        96, 8 Pac. 276; People v. Cotton, 14 Ill. 414;
        McCool v. State, 23 Ind. 127; Moore v. Green,
        73 N. C. 394; Musser v. Stewart, 21 Ohio St.
        353; Ex parte Cottrell, 13 Neb. 193, 13 N. W.
        174; Hawes v. Cooksey, 13 Ohio, 242." (Under-
        scoring ours.)

        It is our opinion that the power of the court under
Article 768, V. A. C. C. P., supra, to give the defendant
credit on his sentence for the time, or any part thereof,
which said defendant has spent in jail in said cause, etc.
authorizes the court to credit such time on the defendant's
fine or jail sentence but does not authorize the court to
release the defendant from the costs because same would
impair the vested rights of the officers in fee counties
who had earned the fees. The court should adjudge the
costs against the defendant and should not attempt to remit
the costs. In answer to your first question it is our
opinion that you have correctly interpreted our opinion No.
O-4159.

        Opinion No. O-1719 of this department, a copy of
which is enclosed herewith, answers your second question in
the affirmative.

        In answer to your third question it is our opinion
that the credit should be allowed on the fine and not on
the costs. The defendant would still owe the costs, how-
ever, if he served out the costs in jail or on the county
farm or other county projects subsequent to the conviction,
the officers would then be entitled to their half costs from
the county under Article 1055, V. A. C. C. P.

                                        Very truly yours

                                        ATTORNEY GENERAL OF TEXAS

APPROVED DEC 18 1941

                                        By

FIRST ASSISTANT
ATTORNEY GENERAL                            Wm. J. Fanning
WJF:GO                                      Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN