## BLAKE V. BURLEY.

1. ACTION ON JUDGMENT: PARTIES. When a judgment was rendered in a foreign court against two defendants as copartners, and an action was brought in the courts of this State on the judgment against one of the defendants only, it was *held* that as the petition did not show that both parties were living and within the jurisdiction of the court, the action could be sustained. WOODWARD, J. dissenting.

2. PLEADING: ALLEGATION. In an action on a foreign judgment it is not necessary to allege in the petition that such judgment is in "full force and virtue." It is sufficient to allege that the amount claimed is due thereon.

3. SAME. In an action on a promissory note payable to the plaintiff, or on a judgment recovered in his name, it is not necessary to allege that the demand sued on is his property.

*Appeal from Tama District Court.*

TUESDAY, NOVEMBER 1.

*J. C. Allen* and *Templin & Fairall* for the appellants.

*T. Walter Jackson* and *Preston & Thompson,* for the appellee.

WOODWARD, J.—The plaintiff sued the defendant upon a judgment recovered in New Hampshire, against him and one Daniel P. Goss, as partners, under the style of Burley & Goss. The defendant demurred to the petition upon the ground, first, that he alone was sued, and that Goss was not made a party. In Collyer on Part. section 713, it seems to be intimated that one of two parties to a joint contract may be sued alone, and the action sustained, unless it appears by the petition that the one not sued is living, and perhaps also,

Blake v. Burley.

is within the jurisdiction. And treating a judgment against two as a joint contract, by them, this authority gives countenance, in the opinion of the majority of the court, to the idea that one of two defendants in a judgment recovered, may be sued alone, and accordingly I am instructed to say that this action may be sustained. But I do not understand this to be the law. The above passage in Collyer relates only to the mode of taking the objection. On the other hand, section 118 indicates a different view, and as is suggested in this section, I am at a loss to apprehend how it should appear in the petition that the omitted defendant is living, or within the jurisdiction. It would be unnatural for the plaintiff to state this. I think that Goss should have been included in the action. Having sued all the joint parties defendant, the plaintiff, by showing certain circumstances, can under our statute, take judgment against a part of them.

The second cause of demurrer is that the petition does not allege that the judgment is still in full force and virtue, and is not satisfied. Although this averment is commonly found in the forms, it is not an essential one. 1 Sand. R. 330, note (4); 2 Chit. p. 483 note. But this point may be satisfied by the allegation, in our usual form, that the sum claimed is still due.

Third, it is objected to the petition, that it does not allege the demand to be the property of the plaintiff. When a party sues on a promissory note made payable to him, or on a judgment recovered in his name, this averment is not necessary. In such case he is presumed the owner until the contrary is shown.

The judgment of the District Court is reversed.