Campbell *v.* Cross.

## CAMPBELL *v.* CROSS.

PLEADING.—*Exhibits.—Written Instruments.*—A judgment is not a written instrument within the meaning of the statute requiring copies of written instruments which are the foundations of actions or defences to be set out in pleading.

SAME.—*Judgment.*—In pleading a judgment, it is not necessary to allege, in addition to the statement of its recovery or rendition, that it still remains in full force, and has not been set aside, vacated, or reversed.

SAME.—*Former Adjudications.*—In an action to recover the possession of real estate, if the defendant pleads a former adjudication and judgment of title in the defendant, it is not necessary that he should further allege that he is still vested with the title. If the title has since become vested in the plaintiff, this may be set up in reply.

SAME.—To a complaint in two paragraphs, one for the possession of real estate, and the other to quiet the title of the plaintiff, an answer of former adjudication and judgment of title in the defendant is good as to each paragraph.

SAME.—*Answer.*—To a complaint to recover the possession of real estate, and to quiet the title of the plaintiff, an answer alleging that in a former suit by the plaintiff against the defendant, the defendant was charged with having committed a trespass upon the real estate in question, by cutting and carrying away timber trees growing thereon, and that after issues were joined, the cause was tried, and the only question litigated in the trial was the title to the real estate, and that a finding and judgment was rendered therein in favor of the defendant, was held a good answer.

APPEAL from the Daviess Circuit Court.

WORDEN, J.—This was an action by the appellant against the appellee. There were two paragraphs in the complaint, one to recover possession of certain land, the title to which was alleged to be in the plaintiff, and the other to quiet the plaintiff's alleged title thereto.

The defendant answered, secondly, to both paragraphs of the complaint, that on the 17th of August, 1864, the plaintiff brought an action in said court against the defendant, complaining that the defendant on the first of September, 1863, and on divers other days thereafter, and before the bringing of that suit, entered upon the land in controversy and cut down and destroyed and carried away timber trees growing thereon, to the damage of the plaintiff of one hundred and fifty dollars, during all of which time the plaintiff was the owner of the

land; that the defendant pleaded to that action the general denial, and, secondly, that at the time of the commission of the supposed trespasses, he was the owner of and in the possession of such land, and entitled to such possession; that to this defence, the plaintiff replied by general denial; that the action was tried before the court and a jury; that upon the trial, it was admitted by the parties that the supposed trespasses were committed by the defendant; that the only question litigated by the parties on said trial and submitted to the consideration of said jury was as to the title to the land; that the evidence given on said trial, the argument of counsel, and the instructions of the court were confined to said issue; and that said jury passed upon said title and rendered a verdict in favor of the defendant, and upon the verdict the court rendered a judgment in favor of the defendant.

To this answer, the plaintiff demurred, for want of sufficient facts, etc., but the demurrer was overruled, and the plaintiff excepted. The plaintiff declining to reply, final judgment was rendered for the defendant.

The plaintiff appeals and assigns for error the ruling on the demurrer.

Some objections of a technical character are made to the answer, that may be disposed of before considering the substantial merits of the pleading. It is objected that a copy of the entire record of the judgment pleaded is not filed as a part of the pleading. This court has held, in the case of *Lytle* v. *Lytle*, 37 Ind. 281, that a judgment is not a written instrument within the meaning of the statute requiring copies of written instruments which are the foundation of an action or defence to be set out. This decision was made after pretty mature consideration, and we adhere to it. The objection, therefore, cannot be sustained.

It is also objected that the answer is defective in not alleging that the judgment pleaded is in full force and not vacated, set aside, or reversed. In the case of *Murphy* v. *Orr*, 32 Ill. 489, it was held, that it being shown that a decree in

chancery has been rendered, and it not being made to appear that it has been annulled, reversed, or set aside, it will be presumed that it still remains in full force. Our opinion accords with this proposition. " It is also a general rule of pleading, that matter which should come more properly from the other side need not be stated. In other words, it is enough for each party to make out his own case or defence. He sufficiently substantiates the charge or answer for the purpose of pleading, if his pleading establish a *prima facie* charge or answer. He is not bound to anticipate, and therefore is not compelled to notice and remove in his declaration or plea every possible exception, answer, or objection, which may exist, and with which the adversary may intend to oppose him." 1 Chit. Pl. 222. We quote, as directly in point on this question, the following paragraph from the same volume, on page 371: "It is usual also to allege that the judgment still remains in full force and effect, and that the plaintiff has not obtained execution or satisfaction thereof; but this allegation is unnecessary." In a note to a form, in volume 2, page 483, the same author repeats the proposition, that the allegation is unnecessary. The same proposition is stated in 2 Saund. Pl. & Ev. 254, part 1. The same thing is said in a note to one of Abbott's forms. 1 Abbott Forms, 333. We think that on principle, as well as authority, a party in pleading a judgment is not bound to allege, in addition to the statement of its recovery or rendition, that it still remains in full force, etc., because when rendered it is presumed to remain in force until the contrary appears. Presumptions of law need not be stated. If a judgment pleaded has been set aside or reversed, the other party can avail himself of the fact in response to the party pleading the judgment.

The matter, however, is put entirely at rest, so far as an answer of former recovery is concerned, by the form for such answer adopted by the legislature, in which the recovery of the judgment is alleged, without any averment as to its continuing in force. 2 G. & H. 379. These forms are made sufficient in all cases where they are applicable, and in

other cases, forms may be used as nearly similar as the nature of the case will admit. 2 G. & H. 373, sec. 1. The objection we have been considering is not well taken.

Again, it is urged that although the title may have been settled to have been in the defendant, at the time of the alleged trespass, by the verdict and judgment in the action of trespass, still it may afterward have become vested in the plaintiff, and therefore the answer was bad. We are of a different opinion. If after the trespass the *title in any way* passed from the defendant to the plaintiff, the fact should have been averred by way of replication. *Abdil* v. *Abdil*, 33 Ind. 460. We have seen that the complaint contained two paragraphs, one to recover the land, and one to quiet the plaintiff's alleged title thereto; and it is insisted that the answer in question cannot be good as to both paragraphs, and, being pleaded to both, it was bad, and the demurrer should have been sustained. There is no force in this objection. The answer, if good as to either paragraph, was good as to both; for both were based upon the theory that the title was in the plaintiff, and the answer set up matter estopping the plaintiff from setting up such title.

This brings us to the merits of the answer, and we have no doubt it sets up matter that estops the plaintiff to allege or set up title to the land. According to the allegations in the answer, there was an action in a court of competent jurisdiction, between the same parties, in which the title was alleged to be in the defendant, and on this allegation issue was joined, and the issue properly tried by a jury and found for the defendant, and judgment rendered accordingly; the issues thus joined being the only matter controverted on the trial, and the evidence being confined to that issue, the alleged trespass being admitted. Here was an adjudication as to the title of the property, by which the parties were bound. We shall not range through all the authorities on this point. They are numerous. It will be sufficient to cite one or two. In the case of *Outram* v. *Morewood*, 3 East, 345, it was decided, that "if a verdict be found on any fact

·or title, distinctly put in issue in an action of trespass, such verdict may be pleaded by way of estoppel in another action between the same parties or their privies, in respect of the same fact or title." So in *Doty* v. *Brown*, 4 N. Y. 71, it was held, that "the judgment of a court of competent jurisdiction, upon a question directly involved in the suit, is conclusive in a second suit between the same parties, depending on the same question, although the subject-matter of the second action be different."

A verdict and judgment for the defendant in an action of trespass *q. c. f.*, where he pleads *liberum tenementum*, do not necessarily in all cases settle the title to be in him. He may plead other matters also, as a denial of the imputed trespass, and the cause may turn upon other questions than the defendant's title to the property. But parol evidence is competent to show what transpired, and what facts were controverted, on the former trial, and thus show the ground upon which it was decided. *Hargus* v. *Goodman*, 12 Ind. 629; *Doty* v. *Brown*, *supra*.

In the case before us, the pleading clearly shows that no question was controverted in the trespass suit but the title to the property. The answer was good, and the demurrer correctly overruled.

The judgment below is affirmed, with costs.

*J. W. Burton* and *S. H. Taylor*, for appellant.

*N. F. Malott*, *T. R. Cobb*, and *J. H. O'Neal*, for appellee.