## GREEN *v.* RAFTES ET AL.

APPEAL BOND.—*Pleading Judgment.—Matters of Defence.*—Where suit is brought upon an appeal bond, given on an appeal to the circuit court, it is not necessary to aver that the judgment of that court is still in force, unstayed, unappealed from or unreversed. If such judgment has ceased, from any cause, to be of binding force, or if its operation has been suspended by a stay of execution, these are matters of defence.

From the Tipton Circuit Court.

*J. Green, D. Waugh* and *J. Waugh,* for appellant.

*N. R. Overman, R. B. Beauchamp* and *G. H. Gifford,* for appellees.

NIBLACK, J.—This was a suit upon an appeal bond.

The complaint alleged that on the 7th day of April, 1876, the plaintiff obtained judgment before a justice of the peace, against Thomas J. Folsom and Henry W. Wright, for the sum of one hundred dollars and forty-five cents and costs of suit; that on the 15th day of April, 1876, Folsom appealed from said judgment to the Tipton Circuit Court; that, to obtain such appeal, he, the said Folsom, with the appellant, Milton F. Green, as his surety, executed an appeal bond in the penal sum of two hundred dollars, payable to the plaintiff, and conditioned according to the requirements of the statute providing for such bonds; that at the April term, 1877, of said circuit court, the plaintiff obtained judgment upon such appeal, for the sum of one hundred and four dollars and forty cents and costs of suit, against the said Folsom and Wright; that the said Folsom and Green, the obligors in said bond, had failed and refused to pay the said judgment so rendered in the circuit court; and that there was due and unpaid on said judgment, including interest and costs, the sum of one hundred and seventy-eight dollars and eighty cents, for which judgment was demanded.

VOL. LXVII.—4

A copy of the bond sued on was filed with the complaint.

Folsom made default.

Green demurred separately to the complaint, alleging a want of facts to sustain the action, but the court overruled his demurrer, and, failing to plead further, the court assessed the plaintiff's damages at the sum of one hundred and seventy-five dollars and seventy-seven cents, and rendered judgment against both Folsom and Green, for that sum.

Green alone has appealed, assigning error only upon the overruling of his demurrer to the complaint.

The only objection urged to the complaint is, that it did not aver that the judgment rendered in the circuit court was neither appealed from nor stayed.

In the case of *Campbell* v. *Cross*, 39 Ind. 155, it was held by this court, that, in pleading a judgment, it is not necessary to allege, in addition to the statement of its recovery or rendition, that it still remains in full force, and has not been set aside, vacated or reversed.

The rule of pleading recognized in that case is well sustained by the authorities cited in its support, and is, we think, entirely applicable to the case in hearing. Although it is quite usual, in pleading a judgment, to aver, in substance, that it is still in full force, unreversed and unappealed from, such averments are unnecessary.

If such judgment has ceased, from any cause, to be of binding force, or if its operation has been suspended to any extent by a stay of execution, these are matters to go in defence of the pleading setting up the judgment.

Upon the authority of the case of *Campbell* v. *Cross*, *supra*, the judgment in this case will have to be affirmed.

The judgment is affirmed, at the costs of the appellant.