COLTER *v.* CALLOWAY ET AL.

CONVERSION AND SALE.—*Estoppel in Pais.*—*Agent.*—In an action against A. and a bank, to recover for certain personal property, alleging conversion and sale, A. answered that, at the time of such alleged conversion and sale, he was president of his codefendant, the bank, and that, in the matter complained of, he had acted only as the agent of such bank ; that previously thereto the plaintiff had owned and operated a distillery situated upon real estate belonging to him ; that the articles of property described in the complaint were fixtures attached to such distillery ; that, prior to the taking and sale of said articles of property, the distillery was consumed by fire, leaving said property in the ruins ; that, while in this condition, the United States government had seized the real estate, fixtures and personal property for violations of the revenue laws and for taxes and penalties due the United States, and sold the same at public sale to the bank, the latter receiving a deed therefor and going into possession ; that, at the time the bank went into possession, the plaintiff had done nothing to change the fixtures into personal property, and that thereafter said bank invited the plaintiff to go upon the real estate and take from it all property that might belong to him, which he did, leaving the property named in the complaint, which A., acting for the bank, subsequently sold. *Held*, that the facts set up in this answer are not sufficient to constitute an estoppel.

EVIDENCE.—*Pleadings in a Cause are before the Court and may be Commented upon before Jury.*—The pleadings in a cause are before the court and constitute a part of its proceedings, without being introduced in evidence. The averments contained in, and the admissions, if any, made by, such pleadings, may be commented upon before the jury in the same manner as any other facts appearing in the cause.

From the Union Circuit Court.

*C. H. Burchenal,* for appellant.

*H. C. Fox* and *S. C. Whitesell,* for appellees.

NIBLACK, J.—This action was commenced by John Colter, against John Calloway and The First National Bank of Cambridge City, in the Wayne Circuit Court. The venue was first changed to Fayette County and afterward to the Union Circuit Court, where it was tried.

The complaint was in two paragraphs : The first charged that the defendants were indebted to the plaintiff in the

sum of eight thousand dollars, being the value of certain specified articles of personal property constituting portions of the *debris* of an old distillery belonging to the plaintiff, which the defendants had taken and converted to their own use, and for which they had failed and refused to account.

The second charged that the defendants were indebted to the plaintiff in the further sum of eight thousand dollars, being the proceeds of certain articles of personal property of the plaintiff, similar to those described in the first paragraph, which the defendants had sold, receiving the proceeds therefor, and for which proceeds they had failed to account.

The defendants answered separately, Calloway in five, and the Bank in six, paragraphs. The plaintiff demurred severally to the second, third and fourth paragraphs of Calloway's answer, and the demurrer was sustained as to the fourth paragraph, but overruled as to the second and third. The plaintiff, also, demurred severally to the second, third, fourth and fifth paragraphs of the answer of the Bank, and his demurrer was sustained to the second paragraph and overruled as to the rest.

Issue being joined, there was a trial and verdict for the defendants. A motion for a new trial being overruled, judgment followed upon the verdict. Errors are assigned upon the various decisions made adversely to the plaintiff, the appellant here, during the progress of the cause below.

The third paragraph of Calloway's answer averred that, at the time of the alleged conversion and sale of the property sued for, he was and long previously had been the president of his codefendant, The First National Bank of Cambridge City, and that, in taking and selling said property, he acted as the agent and on behalf of said bank; that, previously thereto, the plaintiff had owned and operated a distillery situated upon real estate in and near Cambridge City, in the county of Wayne, belonging to

Colter *v.* Calloway *et al.*

him ; that the articles of property described in the complaint were fixtures attached to and connected with such distillery ; that, prior to the taking and sale of said articles of property, the distillery building was consumed by fire, leaving said articles of property amid the ruins of said distillery building ; that in this condition, and long before the taking and sale of the property in controversy, the United States Government had seized, and taken into its possession, all said real estate, fixtures and personal property for violations of the U. S. Internal Revenue laws, and for taxes and penalties due the United States, and that at a public sale of such real estate, distillery property and fixtures, made by the proper collector of internal revenue, for the payment of such taxes and penalties, the said bank had become the purchaser thereof, and had received a deed therefor ; that, by virtue of such deed, said bank had come into the actual possession of said real estate and distillery property, which possession had been yielded up by the plaintiff after such sale ; that, at the time said bank went into the possession of said real estate, the plaintiff had done nothing to change such fixtures into personal property ; that, after the sale and conveyance of said real estate and distillery property to the bank, said bank invited the plaintiff to go upon such real estate, and to take from it all such articles of property as might belong to him, and that the plaintiff accordingly went upon the premises and removed all the property therefrom which he claimed, leaving the articles of property named in the complaint; that the defendant Calloway, as the president of said bank, and for its use and acting on its behalf, sold said last-named articles of property as he lawfully might, the said bank receiving the proceeds thereof, whereby the plaintiff was estopped from setting up any claim to said property in suit or its proceeds.

The appellant contends that the facts set up in the above

paragraph of answer were not sufficient to estop him from asserting a claim to the property embraced within his complaint, and that consequently the court erred in over-ruling his demurrer to such paragraph.

Herman on Estoppel, at page 341, sec. 329, says:

"Parties are only estopped from denying their own acts when the denial operates to the injury of another, and when such expressions are expressly designed to and do influ-ence the conduct of such person.          *          *          *
Estoppels *in pais,* as well as those which are technical estoppels, must be reciprocal."

It may be laid down as an admitted rule that no declara-tions or acts give rise to an estoppel, unless they have been relied and acted upon by the person in whose favor the alleged estoppel is set up.

There is nothing in the paragraph of answer under con-sideration amounting to an averment that the defendants, or either of them, relied upon the facts pleaded as an estoppel in taking possession and making sale of the property in dispute.    The inference would rather seem to be that they relied upon the strength of their own title to such property, arising out of their supposed purchase of it at the collector's sale.

The facts set up as an estoppel, as above, tended to es-tablish an implied admission by the plaintiff that he did not have, or pretend to have, any claim to the property sold by the defendants after they came into the possession of it under their alleged purchase, but these facts were not sufficiently conclusive in their character to amount to an estoppel. *Fletcher* v. *Holmes,* 25 Ind. 458; *Cox* v. *Vickers,* 35 Ind. 27; *Stewart* v. *Hartman,* 46 Ind. 331; Bigelow Estoppel, 532.

The cause was tried upon the theory that the matters set up in this paragraph constituted a good answer in estop-pel.   One of the instructions to the jury was in accord-

Colter *v.* Calloway *et al.*

ance with that theory. We are of the opinion that the court erred in adopting that theory upon the trial. Whether the paragraph was sufficient as an answer, independently of the facts set up by way of estoppel, is a question we have not considered.

During his closing argument the plaintiff's counsel, for the purpose of corroborating himself as to some statement he had made in his opening argument, read the fourth paragraph of the answer of the Bank to the complaint, and was proceeding to comment upon that paragraph, when counsel for the defendants objected to both the reading of the paragraph and the comments upon it. It is not expressly stated what the ruling of the court was upon this objection, but the reasonable inference, from the statements in the bill of exceptions, is that the objection was sustained.

Counsel for the defendants thereupon asked the court to instruct the jury, " that the answer of the defendants can not be considered as evidence, unless offered and admitted as evidence before the evidence was closed," and the court so instructed the jury. This was also erroneous.

The pleadings in the cause are before the court, and constitute a part of its proceedings, without being introduced in evidence. The averments contained in, and the admissions, if any, made by, such pleadings, may be commented upon before the jury in the same manner as any other facts appearing in the cause. *The New Albany, etc., Plank Road Co.* v. *Stallcup,* 62 Ind. 345.

Various other questions are discussed by counsel, but as those questions, if they shall arise upon another trial, may not arise in the same form, we will not extend this opinion by ruling upon them at the present hearing.

The judgment is reversed, with costs, and the cause remanded for further proceedings.