## Mary A. McSweeney v. Harrison S. Carney.

1. *Pleading Former Judgment.*—A plea of former adjudication needs not to contain a transcript of the former judgment, and if it does, such transcript cannot be considered a part of the plea.

2. *Questions of Fact in the Supreme Court.*—The Supreme Court cannot try a question of fact by the briefs of counsel as evidence, and especially for the purpose of reaching a conclusion as to the sufficiency of an answer to withstand a demurrer; which admits the facts to be true exactly as pleaded. If counsel do not wish to abide by the facts as stated, they should not demur, but reply, and thus put the facts

in issue. Whether a point in issue was formerly adjudicated is a question of fact, and on demurrer, the court cannot look beyond the pleading demurred to, as to such question of fact.

Filed April 1, 1881.

Appeal from Rush.

Opinion of the court by Mr. Justice Woods.

Complaint in replevin. The appellee answered that, as sheriff of said county, he had, on the 20th day of August, 1878, levied on the property mentioned in the complaint, on execution in favor of Michael O'Neal against Dennis McSweeney, and advertised the same for sale on said writ as the property of said Dennis; that on the 24th day of August, 1878, the plaintiff commenced an action of replevin in this (the Rush circuit) court against the defendant and said O'Neal, and said property was taken from the possession of this defendant by virtue of the writ issued in said replevin suit; that afterwards, on the 21st day of December, 1878, such proceedings were had in said cause that a judgment was rendered against the plaintiff, and for the return of said property to this defendant, and in case return could not be made, $500, the value of said property; that on the 16th day of January, 1879, said O'Neal caused an order and execution for the return of said property to issue on said judgment, which was placed in the hands of this defendant, as sheriff of said county, and on the 17th day of January, 1879, he did, by virtue of said order and execution, sieze said property and kept possession thereof until the 1st day of February, 1879, when it was again taken from his possession by virtue of the writ of replevin issued in this cause; that the property mentioned in the judgment rendered in said cause of Mary A. McSweeney against said O'Neal and this defendant is the same property mentioned in plaintiff's complaint, and that said judgment and order was a full, final and complete adjudication of the matters set forth in the complaint in this cause; and that the acts complained of and committed by this defendant were done as sheriff of said county and not otherwise; wherefore, etc.

The appellant's motion to strike out this answer and her demurrer thereto on the ground that sufficient facts were not

stated, were overruled and exceptions reserved; and the plaintiff refusing to plead further, judgment was given for the defendant.

Counsel for the appellant insist that this answer is defective because a transcript of the former judgment referred to was not filed with and made a part of the plea.

That such a transcript or a copy thereof was unnecessary, and if filed could not have been regarded as a part of the answer, is well settled.   *Wilson* v. *Vance,* 55 Ind., 584;  *Davenport* v. *Barnett,* 51 Ind., 329;  *Brooks* v. *Harris,* 41 Ind., 390;  *Wyant* v. *Wyant, Adm'r,* 38 Ind., 48;  *Campbell* v. *Cross,* 39 Ind., 155;  *Lytle* v. *Lytle,* 37 Ind., 281;  *Parsons* v. *Milford,* 67 Ind., 489;  *Mull* v. *Knight,* 67 Ind., 525.

It is claimed that the answer does not show that the matters in controversy in the case at bar either actually were determined in the former action or that they might have been litigated under the issues of that case; and particularly that it is not shown that the ownership of the property was tried or in any manner determined.

In support of their argument on this point counsel have presented with their brief a transcript of what they claim to be the record of the former adjudication referred to in the plea, and asks us to observe that the action was not disposed of on a trial of its merits, but dismissed because of the insufficiency of the complaint.

It can hardly be necessary to say that this court cannot try a question of fact by the briefs of counsel as evidence, and certainly not for the purpose of reaching a conclusion as to the sufficiency of an answer to withstand a demurrer which admits the facts to be true exactly as pleaded.  If counsel were not willing to abide by the facts as stated in the plea, they should have replied accordingly to the truth as they claim it to have been. There can be no doubt of the general rule contended for that it is only where the point in issue has been determined, that the judgment is a bar and that if the suit is discontinued or the plaintiff was non-suited, or for any other cause, there has been and could have been no judgment of the court on the matter in issue, the proceedings are not conclusive. *Winship* v. *Winship,* 23 Ind., 291, and cases cited; but we cannot go beyond the pleading in

question to learn that the point in issue was not determined, or that the former suit was discontinued.

Looking to the averments of the answer now under consideration, we find it alleged that the plaintiff sued the defendant and O'Neal, the execution plaintiff, in replevin, for the property now in suit, and that such proceedings were had in said cause that a judgment was rendered against the plaintiff and for the return of said property to this defendant, and in case return could not be made, for $500, the value of said property; that the property mentioned in said judgment * * * is the same property mentioned in plaintiff's complaint, and that said judgment was a full, final and complete adjudication of the matters set forth in the complaint in this cause.

These averments clearly make the answer good in the respect in which it is challenged. Whether said judgment was a full, final and complete adjudication of the matters set forth in the complaint was a question of fact, and the fact is sufficiently well averred. *Wilson* v. *Vance, supra.*

Counsel argue at great length that the appellant, under section 363 of the code, had a right to dismiss her suit without prejudice, and that the act of March 5, 1877, Laws 1877, Reg. Ses., p. 101, amending section 374, is unconstitutional so far as it provides that "if the plaintiff dismiss his action, or if he fails to prosecute the same and the cause is dismissed, judgment for the defendant may be for the return of the property, or its value in case return cannot be had, and damages for the taking and withholding of the property." The argument, however, is not applicable, for it does not appear that the judgment in question was rendered upon a dismissal or failure of the plaintiff to prosecute her action. On the contrary, as already stated, the answer shows a final adjudication of the matters set up in the complaint, and if appellant desired to make an issue upon the constitutionality of the act referred to, she should have shown by a reply that the judgment was rendered on a dismissal of the action.

Judgment affirmed with costs.