Blackburn *et al. v.* Crowder *et al.*

No. 12,752.

BLACKBURN ET AL. *v.* CROWDER ET AL.

PLEADING.— *Written Instrument.*— *Filing with Complaint.*— *Sufficient Showing on Appeal.*—Where the complaint alleges that a copy of the written instrument counted on " is herewith filed," and an instrument appears in the transcript, immediately following the complaint, corresponding with that alleged to have been filed, it sufficiently appears, on appeal, that the statute requiring written instruments or a copy to be filed with the complaint has been complied with.

REPLEVIN.—*Action on Bond.*— *Variance Between Exhibit and Complaint.*— *Demurrer.*—If, in an action upon a replevin bond, there is a variance between the recitals in the complaint and those in the copy of the bond filed with it, the latter will control, and the variance is not available on demurrer.

SAME.—*Allegations that Judgment is in Force.*—*Matter of Defence.*—Where a complaint on a replevin bond alleges that the defendants have failed and refused to pay the judgment rendered in the replevin proceeding, it is not necessary to aver that it is in force and unappealed from. If it is not in force for any reason, that fact should be be made to appear by answer.

From the Lawrence Circuit Court.

*M. F. Dunn* and *G. G. Dunn,* for appellants.

*J. C. Briggs* and *W. C. Hultz,* for appellees.

MITCHELL, J.—There is but one error assigned on the record before us, and that is, that the court erred in overruling a demurrer to the complaint.

The action was founded on a replevin bond. The complaint sets out that in March, 1883, the appellees instituted proceedings in replevin in the circuit court of Lawrence county against Monroe Blackburn for the recovery of certain personal property, and that they procured the property to be seized by the sheriff upon a writ issued in that behalf. Blackburn thereupon as principal, with the other appellants as sureties, executed an undertaking to the sheriff, conditioned for the delivery of the property to the plaintiffs, without injury or damage, in case it should be adjudged that the plaintiffs were entitled to the possession thereof, and also for the

payment of all sums of money which might be recovered against Blackburn in that action.

The complaint avers that such proceedings were thereafter had as that the plaintiffs recovered a judgment against the defendant Blackburn for four hundred and ninety dollars damages, and two hundred and sixty-four dollars and ninety-five cents costs.

The breach assigned is, that the defendants wholly failed to pay the damages and costs so recovered.

The first objection urged against the complaint is, that it does not identify the bond sued on, or show with sufficient certainty that the original or a copy was filed with the complaint.

An examination of the record leads us to conclude that this point is not well made.

The averment that a bond was duly executed on a given date by certain parties, is followed by these words, " a copy of which is herewith filed," after which the conditions of the bond alleged to have been filed are stated. Following the complaint, copied into the transcript, is a copy of a bond which corresponds in all essential particulars with that alleged to have been filed with the complaint. It has been repeatedly ruled that an instrument which appears in the transcript, thus identified and referred to, is within the requirement of the statute which prescribes that the original, or a copy of any instrument upon which an action is founded, must be filed with the complaint. *Northwestern Mut. L. Ins. Co.* v. *Hazelett,* 105 Ind. 212 (55 Am. R. 192), and cases cited.

As a further objection to the complaint it is said, the conditions of the bond, as they are recited in the body of the complaint, do not correspond with those which appear in the copy of the bond filed therewith. As it seems to us there is no substantial variance.

The complaint recites that " said defendants undertook to return said property to the plaintiffs if said suit should there-

after be decided in favor of said plaintiffs, and also pay all damages and costs adjudged in favor of said plaintiffs." The corresponding condition of the bond filed is, "that said lumber shall not be injured or damaged, and that said Monroe Blackburn shall deliver said lumber to the plaintiffs in said proceeding, * ,* and said Monroe Blackburn shall pay all sums of money which they may recover in said action."

The criticism made at this point is, that the complaint recites that all the defendants undertook to return the property and to pay damages, while the obligation contained in the bond is, that Monroe Blackburn shall deliver, etc., and pay, etc.

The bond sued on created an obligation equally binding upon all who signed it. All were directly bound as original obligors, to perform each and every undertaking therein contained. Besides, the point which the appellants seek to make is not available on demurrer. Conceding, if need be, all that is contended for, the complaint stated a cause of action. The bond was the foundation of the action, and if there were any variance between the recitals in the complaint and those in the copy of the bond which was filed with it, the latter would control. 1 Works Pr., section 416.

It is contended further, that it does not sufficiently appear from the complaint that the judgment for damages, the non-payment of which is assigned as the breach of the bond, was rendered in the proceeding in which the bond sued on was filed.

The complaint alleges that the replevin suit was commenced in the Lawrence Circuit Court by the appellees, as plaintiffs, against Monroe Blackburn, as defendant, and that the undertaking sued on was filed in that proceeding. It avers that the venue of the cause was afterwards changed to the Greene Circuit Court, and that such proceedings were then and there had as that, on a date mentioned, it was adjudged "that said plaintiffs recover of and from said defendant Monroe Blackburn," etc. This makes it presumptively

certain that the judgment mentioned was recovered in the replevin proceeding in which the bond was filed.

As it was averred in the complaint that defendants had failed, neglected, and refused to pay the judgment, it was not necessary, as is contended by the appellant, that the complaint should have contained an averment that the judgment, the non-payment of which was complained of, remained in full force and unappealed from.

If the judgment had been appealed from, that fact would have constituted no defence to an action on the bond. *Mull* v. *McKnight,* 67 Ind. 525 ; *Burton* v. *Reeds,* 20 Ind. 87. If the judgment had been set aside, reversed, or was for any other cause not in force, it remained for the defence to bring the facts forward in an answer. *Campbell* v. *Cross,* 39 Ind. 155; *Randles* v. *Randles,* 67 Ind. 434; *Padgett* v. *State,* 93 Ind. 396.

The judgment is affirmed, with costs.

