Bell *et al. v.* Pavey.

———◆———

No. 768.

BELL ET AL. *v.* PAVEY.

EVIDENCE.—*Pleadings and Papers a Part Thereof.*—*Competent Evidence.* —All pleadings and papers which are a part thereof on file in a cause are a part of the record and can be commented on by counsel, to the jury, without being introduced in evidence; but if introduced in evidence, the admission will not be erroneous, and the purpose for which they may be considered by the jury may be regulated by instructions from the court.

APPELLATE COURT PRACTICE.—*Record.*—*Marginal Notes.*—*Failure to Designate Place of Error in Record.*—Where error is alleged by counsel, but no part of the record is designated where it may be found, and the record contains no marginal notes, the appellate tribunal will not search the record for the alleged error.

From the Boone Circuit Court.

*O. P. Mahan*, for appellants.

*S. R. Artman*, for appellee.

Ross, J.—The record in this case discloses that, on the 6th day of October, 1891, the appellee filed with the board of turnpike directors (namely the board of commissioners) of Boone county, Indiana, a claim for two hundred dollars, the same being the value of gravel taken and damages occasioned to his land by the removal of said gravel therefrom by said commissioners, as the board of turnpike directors, in the repair of free gravel roads in Boone county.

Stress is laid upon the fact that the claim is wanting in form, it purporting to be the award of arbitrators. There is nothing in this objection because it was not necessary for appellee to have filed any claim at all.

Section 5104, R. S. 1881, provides "That when in the opinion of the said board, the interests of any of said free turnpikes require, they are hereby authorized to enter upon any lands in said county, and take the gravel or other material necessary for the repair of said turnpikes, and shall give a certificate to the owner or owners of such material so taken, which shall state the value thereof, together with the amount of damage to said lands by reason of the removal of said material; and the county auditor, upon the presentation of said certificate, shall issue an order upon the county treasurer for the amount so certified, who shall pay the same out of the turnpike fund; *Provided, further*, That in case said owner or owners are not satisfied with the value so certified by said board, he or they shall have the right to appeal to the circuit court of said county, subject to all the provisions of the statute now in force relating to the condemnation of material for road purposes."

On the 9th day of October, 1891, the board allowed thirty-nine dollars of said claim, and refused to allow the balance. On the 16th day of October, 1891, the board issued, in the name of appellee, a certificate for

said sum of thirty-nine dollars, which was refused by appellee, and on the 17th day of October, 1891, he filed his appeal bond, and appealed from said allowance to the Boone Circuit Court, where the cause was tried and verdict returned in favor of appellee for ninety-four dollars. Motion was made by appellants for a new trial, which was overruled, and judgment rendered on the verdict.

The question as to the sufficiency of the complaint, urged by the appellants, need not be considered, for the reason that counsel has mistaken the nature of this action. The appeal to the Boone Circuit Court was not from the award filed with appellants, but from the judgment of the board for the value of the gravel taken, and for damages sustained to appellee's land by such taking.

The record shows the appeal to have been taken in the manner prescribed by law.

Did the court err in overruling the motion for a new trial made by appellants? It is very earnestly insisted that the court erred in permitting the appellee to introduce in evidence certain exhibits which were a part of the transcript on appeal to the Boone Circuit Court, and were a part of the papers on file in the case. In this we think the court did not err. All pleadings and papers which are a part thereof on file in a cause are properly a part of the record, and can be commented upon by counsel to the jury, without being introduced in evidence. They are a part of the case itself, and as such may be considered by the jury. The purpose for which they may be considered may be regulated by proper instructions from the court, for while they are properly a part of the record, and as such may be considered by the jury, the jury have no right to consider them for any improper purpose. That they had a right to consider them is clear (*Colter* v. *Calloway*, 68 Ind. 219), and the appellant not

having requested the court to instruct the jury for what purpose they might be considered, no harm is shown.

There was no error in refusing to give instructions numbered two and six of the instructions asked to be given by appellant, for the reason that they were not applicable to the facts in this case. This is not an action to enforce an award, hence any instructions asked upon that theory were rightfully refused.

Instruction numbered seven, of the instructions asked by the appellant to be given, but refused by the court, is covered by the instructions given by the court of its own motion.

There was no error in refusing to give instruction numbered ten.

Appellant did not seek to recover upon the certificate issued by the board, because if he had agreed thereto, no appeal was necessary. His appeal was from the judgment of the board, which was for a sum less than what he thought he was entitled to recover, and the certificate did not control the amount which he might recover.

The thirteenth reason assigned in the motion for a new trial calls in question instructions from one to nine of the instructions given by the court of its own motion.

Counsel fails to point out any objection to them, but simply asks of this court "a careful reading and consideration of them."

We have carefully examined each of the instructions given by the court, and find no material objection to them.

It is also insisted that the court erred in admitting certain evidence over the objection of appellants, and inasmuch as there are no marginal notes on the record, and counsel has failed to designate where the objectionable evidence may be found, we do not feel called upon to

read nearly two hundred pages of record to find whether or not evidence was admitted which was not relevant.

We find no reversible error in the record.

Judgment affirmed.

Filed Feb. 26, 1893; petition for a rehearing overruled May 26, 1893.