No. 17,268.

## Tucker *v.* Hyatt.

Harmless Error.—*Evidence.—Breach of Marriage Contract.*—The admission in an action for breach of promise of marriage, of a decree divorcing plaintiff, if error, is harmless, where plaintiff's competency to enter into the contract in suit is not denied.

Evidence.—*Disputed Signature.*—It is not error to allow counsel on the cross-examination of a witness who has testified to the genuineness of a disputed signature, to put into the hands of the witness for comparison signatures of the same person to papers properly in the record, as it is not necessary that such papers should first be put in evidence.

Same.—*Handwriting.—Opinion.*—The mere fact that a witness as to the genuineness of handwriting has only seen the person write since the beginning of the trial is not enough to render his evidence incompetent.

Same.—*Genuineness of Disputed Signature.— Comparisons.—Appellate Procedure.*—An objection to the receipt of expert testimony as to the genuineness of a disputed. signature, founded on a comparison thereof with signatures of the same person to papers in the cause, on the ground that such signatures have been made since the alleged signature became a matter of controversy, does not suggest the objection that they may have been made in a disguised hand for the purpose of manufacturing evidence; and hence the question as to the admissibility of the testimony over such an objection is not presented on appeal.

Pleading.—*Complaint.— Breach of Marriage Contract.—Presumption.—Evidence.*—Plaintiff, in an action for breach of marriage contract, need not allege or prove defendant's capacity to enter into such contract, for such capacity will be presumed.

From the Miami Circuit Court.

*H. S. Biggs* and *L. W. Royse,* for appellant.

*J. D. McLaren, E. C. Martindale, F. D. Butler* and *L. R. Stookey,* for·appellee.

HOWARD, C. J.—This was an action brought by the appellee against the appellant for damages for breach of promise of marriage.

The trial resulted in a verdict for $6,000.00 in favor of appellee, upon which judgment was rendered.

Numerous errors are assigned on this appeal, but counsel discuss only the overruling of the motion for a new trial.

To the complaint of appellee, appellant pleaded a written release of the marriage contract, claiming that such release had been signed by her for a consideration of $300.00. The appellee, however, denied the execution of the release; and evidence went to the jury on both sides of the issue so formed.

The appellant produced three witnesses, Albert L. Keysecker, his wife, Lugarda Keysecker, and Joseph Tillman, who each testified that they were acquainted with the handwriting of the appellee, and that the signature to the release was her genuine signature.

On the cross-examination of these witnesses, the court permitted appellee's counsel, over the objection of appellant, to place in the hands of the witnesses the appellee's affidavit for a change of venue and her verified reply of *non est factum*, and have the witnesses compare appellee's signatures to those papers with the signature of the release. It is claimed that this was error.

In *Thomas* v. *State*, 103 Ind. 419, the defendant denied having written a disputed letter. On cross-examination, he was shown other letters and asked to say in whose handwriting they were. Objection was made to such cross-examination on the ground that the letters so offered for comparison "were not papers in the case, and were not referred to in the examination in chief." The letters offered for comparison were not admitted to be genuine, but there was evi-

dence to show that they also had been written by the defendant. It was held that the cross-examination was proper.

So in 1 Wharton Ev. (3d Ed.), section 710, it is said: "There is little question that a witness may on cross-examination be tested by putting to him other writings, not admitted in evidence in the case, and asking him whether such writings are in the same hand with that in litigation."

The rule in England, as fixed by statute, 17 and 18 Vic., ch. 125, section 27, is that: "Comparison of a disputed writing with any writing proved to the satisfaction of the judge to be genuine, shall be permitted to be made by witnesses; and such writings, and the evidence of witnesses respecting the same, may be submitted to the court and jury as evidence of the genuineness, or otherwise, of the writing in dispute."

We think there can be little doubt that in this State, after some fluctuation in our decisions, the rule is, that any writings admitted to be genuine, or writings which are properly papers in the case for any purpose, may be used, by way of comparison, to prove, or disprove, the genuineness of the writing in dispute. *White, etc., Co.* v. *Gordon,* 124 Ind. 495; *McDonald* v. *McDonald,* 142 Ind. 55, and cases cited.

The writings used for comparison in the case at bar, being the affidavit of appellee for a change of venue, made and signed by her long before the release in dispute was brought into the record by appellant, and her verified reply, were both "papers in the case;" papers, too, which the appellant on the trial admitted were "before the jury for all purposes," and, under the rule above stated, it was not error to allow these papers to be used by the witnesses, on cross-examination, to compare the signatures of appellee thereto with the signature to the release.

Complaint is next made that two of appellee's witnesses were allowed to testify as to the genuineness of the signature to the release, from having seen appellee write; although their knowledge of her handwriting had been acquired only since the controversy began.

It may be noted that appellant opened the way for this line of evidence, by calling witnesses who were shown to have only a like acquaintance with appellee's handwriting. Moreover, it does not appear that appellee's handwriting was executed on any of the occasions referred to for the purpose of manufacturing evidence for the trial. The witnesses simply gave the facts as to the source of their acquaintance with the handwriting. The weight which might be given the evidence was a question for the jury. The mere circumstance that a witness has become acquainted with handwriting since the opening of a trial, is not of itself enough to make his evidence as to the genuineness of the handwriting incompetent. We do not think any abuse of discretion is shown in the admission of the testimony complained of.

Fault is also found that counsel for appellee took the verified reply and the release and submitted them to the jury for comparison of the signatures. These papers were a part of the record, and were before the court and jury for all proper purposes. It was not necessary to introduce them in evidence; they were already in for that purpose, and might therefore be commented on by counsel and inspected by the jury. *Colter* v. *Calloway*, 68 Ind. 219; *Boots* v. *Canine*, 94 Ind. 408; *Bell* v. *Pavey*, 7 Ind. App. 19.

Counsel for appellant finally contend that the court erred in admitting in evidence a transcript of the record and decree of divorce of the appellee from her former husband, as entered in the circuit court of the

county of Otsego, in the State of Michigan.  Even if it were error for any reason, to admit this evidence, the error was harmless; for appellee's competency to enter into the marriage contract with appellant was not denied.  She did not need to allege or prove that she was a woman, that she was of marriageable age, that she was unmarried, or that she was otherwise competent to enter into a contract of marriage.  Her capacity to enter into such contract will be presumed in the absence of averment and proof to the contrary.

In *Jones* v. *Layman*, 123 Ind. 569, which, like this, was an action on breach of marriage contract, it was contended that the complaint was bad because it was not alleged that the parties were of marriageable age.  The court said :  "There is nothing in this objection.  The presumption is, as to all contracts, that the parties were competent to contract, until the contrary is made to appear."

By section 359, R. S. 1894 (section 356, R. S. 1881), it is provided that:  "All defenses, except the mere denial of the facts alleged by the plaintiff, shall be pleaded specially."

Appellee was not required to allege her capacity to enter into the contract :  it was for appellant to plead specially, in bar, her want of capacity.

"In an action of this kind," said Lotz, J., in *Walker* v. *Johnson*, 6 Ind. App. 600, also an action for breach of promise of marriage, "there are many things that a defendant may plead in bar of a recovery, and there are many things that he may give in mitigation of the amount of recovery.  The rule is, that if he relies on a matter in bar he must plead it specially."

Appellant, therefore, not having filed an answer averring appellee's want of competency to enter into the marriage relation, she was under no obligation to prove such competency.

But even if such evidence were necessary on the part of appellee, we are of opinion that the certified copy of the decree of the Otsego County, Michigan, Circuit Court, a court of general jurisdiction, and having a judge, a clerk, and a seal, as such copy is set out in the record, was sufficient for the purpose for which it was offered. The proceedings and decree are authenticated by the clerk and judge of that court as required by the act of Congress, in such case made and provided. Section 458, R. S. 1894 (section 454, R. S. 1881). See also section 479, R. S. 1894 (section 472 R. S. 1881); *Bailey* v. *Martin*, 119 Ind. 103; *Teter* v. *Teter*, 88 Ind. 494; *Hamilton* v. *Shoaff*, 99 Ind. 63.

No available error appearing, the judgment is affirmed.

Filed November 21, 1895.

## On Petition for Rehearing.

Howard, J.—In the petition for a rehearing in this case, counsel for appellant confine their argument almost wholly to the discussion of a single error alleged to have been made in the trial court, and which, it is contended, has not been sufficiently considered in this court. The facts in relation to the alleged error are set out in appellant's brief as follows:

"The sixteenth reason assigned for a new trial reads as follows:

" 'That the court erred in admitting in evidence over the objection of the defendant, the evidence of the witness, Russell Morgan, which evidence consisted in the said witness comparing what purported to be the signature of the plaintiff to her affidavit for change of venue filed in this cause, and what purported to be the signature of the plaintiff to her verified reply filed in this cause, with the signature to the written

release described in the defendant's third paragraph of answer in this cause, and in stating to the jury that the signature to said purported affidavit and said purported reply was not written by the same person who wrote the signature to said release.'

"The above reason for a new trial is based upon the following questions propounded to the witness, Russell Morgan, by appellee and answers thereto, as well as other questions to and answers by the same witness:

" 'You may examine the signature on this paper marked No. 16, there Imogene Hyatt, and also examine the signature on the paper in the case entitled the affidavit for a change of venue, and also the signature in the case entitled the reply to the defendant's answer, and state to the jury whether or not they were all three written by one and the same hand in your judgment.

" 'The defendant objects to the question because the comparison is admitted to be made with the writing in question, and the papers not offered in evidence, and signatures made since the signature became a question of controversy as to the genuineness of the signature of the plaintiff, and comparison made with the signatures not admitted by the defendant to be genuine and that the papers with which the comparison is made are not in evidence for any other purpose. Which objection is overruled and defendant excepts.'

"To which question the witness answered: 'I would say in my judgment, they are two different handwrites.' "

The objection as thus made by the appellant is not altogether free from obscurity. We think, however, that it did not present to the trial court the question

urged by counsel on this appeal. The question here urged is stated in the brief of counsel as follows:

"The precise question here is, can a disputed signature be compared with a signature to a verified reply of *non est factum*, as a standard of comparison by an expert, and express an opinion on such comparison alone as to the genuineness of the disputed signature when the signature used as the standard was made for the sole and express purpose of raising the identical issue to be determined by such evidence?"

By this statement, if we understand counsel, it is sought to bring here for decision the question whether a party can call an expert to compare the signature to a paper in dispute with signatures made by the party to papers filed by him in the case; the objections suggested being that the signatures used for comparison may have been written in a disguised hand, and the evidence be therefore, in effect, self-serving.

If this is the question now sought to be raised, we are satisfied that an examination of the objection made on the trial, and which we have set out above, will show that the objection as so made did not bring the question to the attention of the court ; and, consequently, that the question now so earnestly argued by counsel was not passed upon in the ruling complained of.

The objection made on the trial is, substantially, that the affidavits proposed to be used for comparison had not been offered in evidence, and that the signatures thereto were made since the controversy began. But the fact that signatures had been made after the controversy began would not, of itself, make the comparison improper. Nothing remains in the objection made before the trial court, therefore, but that the papers had not been offered in evidence. Of this

objection we are free to say that it does not impress
us as being altogether ingenuous.  The record does in
fact show that the affidavits were offered in evidence,
as follows:

"The plaintiff here offers in evidence the complaint
and file marks thereon, the affidavit for a change of
venue filed in this case, and we also offer in evidence
the plaintiff's reply to the defendant's answer.

"The defendant objects for the reason that the
papers are before the jury for all purposes anyway;
and with the understanding that they are before the
jury for all purposes, the offer is withdrawn."

So far, then, as the objection made on the trial is
concerned, namely, that the affidavits had not been
offered in evidence, it is clear that appellant waived
the question.

And so far as concerns the objection made on this
appeal, namely, that appellee should not have been
permitted to make comparison of the disputed paper
with papers in the case signed by her, and in the sign-
ing of which the handwriting might have been simu-
lated, "for the sole and express purpose of raising the
identical issue to be determined by such evidence,"
that question was not presented for the consideration
of the trial court, and is therefore not one for this
court to pass upon in review.  This view of the case
now urged by counsel, we may also add, was not con-
sidered or passed upon in the original opinion.

On the general subject of comparison of hand-
writings, see *Chance* v. *Indianapolis, etc., G. R. Co.*,
32 Ind. 472; *Burdick* v. *Hunt*, 43 Ind. 381; *Huston* v.
*Schindler*, 46 Ind. 38; *Forgey* v. *First Nat'l Bank*, 66
Ind. 123; *Shorb* v. *Kinzie*, 80 Ind. 500; *Thomas* v.
*State*, 103 Ind. 419; 1 Greenl. Ev., section 581; Best
Ev., sections 232, 248; Lawson Exp. Ev., page 379;
Rogers Exp. Test. (2d ed.), section 130; Harris Identifi.,

sections 383, 386, 426; 9 Am. and Eng. Ency. of Law (1st ed.), p. 279; note to *Dresler* v. *Hard* (N. Y.), 12 L. R. A. 456.

The petition is overruled.

Filed April 24, 1896.