## Mansfield v. Hinckle.

[No. 11,561. Filed June 6, 1923. Rehearing denied November 13, 1923. Transfer denied January 15, 1924.]

1. Trial.—*Evidence.—Documentary.—Exhibits with Pleadings.*—The formal admission in evidence of exhibits filed with the pleadings is harmless, since such exhibits are before the court without being introduced in evidence.  p. 8.

2. Appeal.—*Review.—Briefs.*—An appellant will be deemed to have waived all objections not presented in his brief under his "Points and Authorities."  p. 9.

3. Trial.— *Evidence.— Documentary.— Exemplification of Records.—Statute.*—Section 478 Burns 1914, §462 R. S. 1881, relates to the exemplification of records kept in a public office in this state, and is not applicable to certified copies of judicial records of other states.  p. 9.

4. Judgments.— *Foreign.— Validity.*— A judgment of another state, complete and regular on· its face, is *prima facie* valid.  p. 9.

5. Evidence.—*Documentary.—Certified Copy of Foreign Judgment.—Admissibility.*—In an action on a foreign judgment, a duly certified copy of the judgment should not be excluded merely because it does not show that all the papers filed and entries preceding the judgment are included therein.  p. 9.

6. Judgments.—*Pleading.—Presumptions.*—In pleading a judgment, it is not necessary to allege that the judgment has not

Mansfield *v.* Hinckle—81 Ind. App. 6.

been reversed, set aside or satisfied, or that it is in full force and effect, as it will be presumed to remain in force and unsatisfied, and this presumption is available to a creditor, in an action on his judgment, without being pleaded, until the debtor has overcome the same by competent evidence under a proper plea.  p. 9.

7. JUDGMENTS.—*Foreign.—Action on.—Documentary Evidence.— Admissibility.*—In an action on a foreign judgment, it will be presumed that the judgment is in full force and unsatisfied, and there is no error in admitting in evidence a duly certified copy of the judgment, although the certificate does not show that there were not proceedings subsequent to the judgment which might have affected its validity.  p. 9.

8. TRIAL.—*Evidence.—Admissibility.*—In a trial by the court, there can be no error in refusing to admit offered evidence when it would have been error to have admitted certain parts of it, and the character of the remainder is such as to render it improbable that it would have influenced the court to come to a different conclusion as to the issue on which it was offered. p. 11.

9. PLEADING.— *Matter in Abatement.— Before Plea in Bar.— Waiver of Abatement.*—In an action on a foreign judgment, the fact that defendant has an action pending in the court where the judgment was rendered to set aside the judgment for fraud of the plaintiff in procuring it is matter in abatement and not in bar, and is waived by not pleading it in abatement and having a determination thereof prior to the filing of answers in bar (§371 Burns 1914, §365 R. S. 1881).  p. 12.

10. JUDGMENTS.—*Must Follow Finding.—Motion to Modify.*—A judgment must follow the court's finding, and if it does not, is subject to a motion to modify, but a motion on another ground is properly overruled.  p. 12.

11. NEW TRIAL.—*Cause for.—Amount of Recovery.*—Where a party desires to question the amount awarded the adverse party in an action on contract, he must do so by assigning as a ground for a new trial the fifth statutory cause, viz.: that there was error in the assessment of the amount of recovery, it being too large.  p. 12.

12. APPEAL.—*Briefs.—Waiver of Error.*—An appellant who has failed to address any proposition or point in his brief to a specification of his motion for a new trial thereby waives any error in that regard.  p. 12.

From Newton Circuit Court; *George A. Williams,* Judge.

Action by Luther C. Hinckle against Ira G. Mansfield. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*T. B. Cunningham* and *George E. Hershman,* for appellant.

*Frank B. Pattee* and *Herbert T. Johnson,* for appellee.

BATMAN, J.—Appellee recovered a judgment in the Newton Circuit Court against appellant, based on a judgment which the former had recovered against the latter in the circuit court of Kankakee County, Illinois. Said first-named judgment also contains a decree, sustaining an attachment of certain real estate belonging to appellant, and ordering the same sold in satisfaction of the judgment rendered therein. Prior to the rendition of said judgment, appellant filed a motion for a new trial, which was overruled, and, subsequent to the rendition thereof, appellant filed a motion to modify the same, which was also overruled, and this appeal followed.

Appellant contends that the court erred in admitting in evidence each of the first eight exhibits offered by appellee, which he states "were pleadings and

1. papers prepared and filed in the trial court." It has been held repeatedly in this state, that such matters, being a part of the record in the cause, are before the court without being introduced in evidence; that they may be considered by the court or jury trying the cause for all proper purposes, and hence comments may be made thereon by counsel in their arguments. Because of these facts it has been held, that any error in the formal admission of such matters in evidence is harmless. *The Indiana, etc., Co.* v. *Wagner* (1894), 138 Ind. 658, 38 N. E. 49; *The New Albany, etc., Co.* v. *Stallcup* (1878), 62 Ind. 345; *Colter* v. *Calloway* (1879), 68 Ind. 219; *Bennett* v. *Meehan* (1882), 83 Ind. 566, 43

Am. Rep. 78; *The School Town, etc.,* v. *Grant* (1885), 104 Ind. 168, 1 N. E. 302; *Board, etc.,* v. *Ritter* (1883), 90 Ind. 362; *Manor* v. *The Board, etc.* (1894), 137 Ind. 367, 34 N. E. 959, 36 N. E. 1101; *Fulton* v. *Cummings* (1892), 132 Ind. 453, 30 N. E. 949; *Tucker* v. *Hyatt* (1896), 144 Ind. 635, 41 N. E. 1047, 43 N. E. 872; *Bell* v. *Pavey* (1893), 7 Ind. App. 19, 33 N. E. 1011. It follows that reversible error cannot be predicated on the admission of such evidence.

Appellant also contends that the court erred in admitting in evidence over his objection, appellee's exhibit No. 9, purporting to be a certified copy of 2, 3. the judgment of the circuit court of Kankakee County, Illinois, on which this action is based, together with certain papers and orders of court, pertaining to the cause in which said judgment was rendered. While appellant stated a number of reasons on the trial of the cause, in support of this objection to the admission of said exhibit, we will only consider those presented in the propositions or points of his brief, as he will be deemed to have waived all others. He cites the provisions of §§375, 478 Burns 1914, §§369, 462 R. S. 1881, but it suffices to say, in answer thereto, that neither of said sections is applicable to the instant case, as the former relates to a judgment or decision of a court or officer of *special* jurisdiction, while the latter relates to the exemplification of records and written instruments which are kept in any public office *of this state.*

In further support of the above contention, appellant cites the fact that the certificate of the clerk of the court appended to said certified copy, identified 4-7. as appellee's exhibit No. 9, does not state that it contains "complete copies of all papers and entries in said cause," but in lieu thereof certifies "the foregoing to be a true, perfect and complete copy" of

certain designated papers and orders of court in said cause, one of which is the judgment in suit. It has been held that a judgment of a foreign court, complete and regular on its face, is *prima facie* valid. *Holt* v. *Alloway* (1827), 2 Blackf. 108; *Gunn* v. *Peakes* (1886), 36 Minn. 177, 30 N. W. 466, 1 Am. St. 661; *Little Rock, etc., Co.* v. *Hodge* (1900), 112 Ga. 521, 37 S. E. 743; *Roberts* v. *Leutzke* (1906), 39 Ind. App. 577, 78 N. E. 635. In the case last cited, the rule stated was given effect, although the transcript did not contain the pleadings or issues tendered in the court of the sister state where the judgment in suit was rendered, and such fact was urged as an objection to its admission in evidence. It follows that the certified copy in question should not have been excluded merely because it does not show that all papers filed and entries made preceding the judgment in suit are included therein. It only remains to be seen if it should have been excluded because it does not show that no other papers were filed or action taken in said cause after the rendition of said judgment, or that the same was in full force and effect. It has been held that, in order to state a cause of action based on a judgment, it is not necessary to allege that such judgment has not been reversed, set aside or satisfied, or that it is in full force and effect, as it will be presumed to remain in force and unsatisfied until the contrary appears. This presumption of law is available to a creditor in an action on his judgment, without being pleaded, until the debtor has overcome the same by competent evidence under a proper plea. 21 R. C. L. 459; 11 Ency. Pleading & Practice 1145; 1 Watson, Revision Works' Practice 240; *Campbell* v. *Cross* (1872), 39 Ind. 155; *Green* v. *Raftes* (1879), 67 Ind. 49; *Mull* v. *McKnight* (1879), 67 Ind. 525; *Blackburn* v. *Crowder* (1886), 108 Ind. 238, 9 N. E. 108; *Kedey* v. *Petty, Gdn.* (1899), 153 Ind. 179, 54 N. E. 798;

*State, ex rel.* v. *Scanlon* (1891), 2 Ind. App. 320, 28 N. E. 426; *Murphy* v. *Citizens' Bank of Junction City* (1907), 82 Ark. 131, 100 S. W. 894, 11 L. R. A. (N. S.) 616, 12 Ann. Cas. 535; *Blake* v. *Burley* (1859), 9 Iowa 592; *Dow* v. *Blake* (1893), 148 Ill. 76, 35 N. E. 761, 39 Am. St. 156; *Schoonmaker* v. *Lloyd* (1855), 9 Rich. Law (S. C.) 173. In this regard there is no ground for a distinction between domestic and foreign judgments, and hence the rule stated has been applied regardless of any such difference, as appears from the cases cited above. If it is not necessary to allege such facts in stating a cause of action, based on a judgment, it follows that it is not necessary to prove the same. This being true, we conclude that the court did not err in the instant case in not refusing to admit the transcript because it failed to certify as to matters which *may have occurred* subsequent to the rendition of the judgment. It follows that appellant's contention that the certificate of the clerk must show that the transcript contains complete copies of *all* papers and entries in the cause; is not well taken.

It is contended that the court erred in refusing to permit appellant, when testifying as a witness in his own behalf, to answer each of six questions propounded to him by his counsel, and in refusing to admit his exhibit, identified as No. 3. It suffices to say in answer to this contention, that it would have been error to have admitted certain parts of such offered evidence, and that the character of the remainder is such as to render it unreasonable to presume that it would have led the court to a different conclusion as to the issue on which it was evidently offered. *Conner* v. *The Citizens', etc., R. Co.* (1896), 146 Ind. 430, 45 N. E. 662.

It is further contended that the decision of the court is not sustained by the evidence. In support of this

contention, appellant cites, among other things, that he has pending in the circuit court of Kankakee County, Illinois, a bill in equity, in which he charges that appellee procured the judgment on which this action is based through fraud. Such fact, however, is not a matter in bar, but in abatement, and has been waived by a failure to take the necessary steps to present the question involved in such fact, and have a determination thereof, prior to a submission of the cause on the issues tendered by the answers in bar. A careful consideration of the record in this case leads us to conclude that there is substantial evidence tending to sustain the decision of the court in every particular challenged by appellant, which, under repeated decisions, is sufficient on appeal. Appellant's contention in this regard, therefore, cannot be sustained.

Appellant finally contends that the court erred in overruling his motion to modify the judgment by striking out all of the same in excess of $2,713, this being the amount of the principal of the judgment on which this action is based, exclusive of costs. We observe that the court found that there is due appellee on the judgment sued upon in his complaint the sum of $2,944.23, but only rendered judgment in his favor for $2,776.55. It thus appears that the judgment does not follow the finding as the law requires. *The Peoples Savings, etc., Assn.* v. *Spears* (1888), 115 Ind. 297, 17 N. E. 570; *Jarrell, Sheriff,* v. *Brubaker, Admr.* (1898), 150 Ind. 260, 49 N. E. 1050; *Moore* v. *Moore* (1921), 74 Ind. App. 626, 129 N. E. 480. Appellant, however, did not seek to have the judgment corrected in this regard, as he asked that it be so modified as to make its variance from the finding still greater. His motion, therefore, was properly overruled. Had appellant desired to present any question with reference to the amount of the finding, which the

judgment must follow, he should have done so through his motion for a new trial, on the statutory ground that the assessment of the amount of recovery is too large. *Davis* v. *Montgomery* (1890), 123 Ind. 587, 24 N. E. 367; *Hutchinson* v. *Hutchinson* (1921), 76 Ind. App. 494, 123 N. E. 598 and cases cited. As appellant failed to address any proposition or point of his brief to this specification of his motion for a new trial, he has waived any error in that regard. *Buffkin* v. *State* (1914), 182 Ind. 204, 106 N. E. 362; *Spickelmeir* v. *Hartman* (1919), 72 Ind. App. 207, 123 N. E. 232. Failing to find error in the action of the court in overruling appellant's motion for a new trial, the judgment is affirmed.

McMahan, J., not participating.