#### IN THE

## SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

### AT CORYDON, NOVEMBER TERM, 1822, IN THE SEVENTH YEAR OF THE STATE.

---

## ADAIR and Another *v.* THE STATE.

If a person, charged with felony, voluntarily appear before an associate judge, and enter into a recognizance with sureties for his appearance, &c., the recognizance is valid, though the affidavit on which it is founded was made before a justice of the peace.

Where a recognizance is for the principal's appearance on the first day of the term, his failure to attend on that day is a forfeiture: if, however, no indictment be found against him, and he appear *during* the term, the recognizors may be discharged; but if he do not appear, they will continue liable.

*A. B.* and *C.* entered into a recognizance, by which they acknowledged themselves to owe the state 1,000 dollars each, conditioned for *A.'s* appearance, &c. *A.* failed to appear, and the recognizance became forfeited. A sci. fa. against them all, to show cause, &c., was served on *B.* and *C.*, and two *nihils* were returned as to *A.* Execution was awarded against *B.* and *C.*—*Held*, that the proceedings were not erroneous; that each of the recognizors was liable to pay the 1,000 dollars for which he was bound, without regard to the liability of the others; that though one sci. fa. had issued against all, its operation was to require each to show cause why execution should not issue against himself; and that the award of execution against *B.* and *C.* is not to be considered joint but several, following the nature of the recognizance.

*Tuesday, November 5.*

ERROR to the *Fayette* Circuit Court.

. HOLMAN, J.—An affidavit, containing a charge of felony against *James Adair,* jun., was made on the 7th of *May,* 1820, before *F. Hazlerigg,* a justice of the peace for *Fayette* county. On the 9th of *May,* 1820, *James Adair,* sen., and *John Adair* en-

tered into a recognizance, together with *James Adair*, jun., before *E. Webb*, an associate judge of the *Fayette* Circuit Court, in the sum of 1,000 dollars each, conditioned that *James Adair*, jun., should appear before the judges of said Court, on the first day of its next term, and answer to the said charge of felony. This affidavit and recognizance were filed in said Court; and on the first day of the term, next after the taking of the recognizance, *James Adair*, jun., failed to appear, and *James Adair*, sen., and *John Adair* failed to produce his body in Court in discharge of their recognizance. A motion was then made to set aside the recognizance, on account of the insufficiency of the recognizance and affidavit; which motion the Court refused to hear, because the grand jury were in session, and *James Adair*, jun., was not present. On the 5th day of the term, the Court gave judgment against *James Adair*, jun., and his sureties *James Adair*, sen., and *John Adair*, for the sum of 1,000 dollars each, agreeably to the effect of their recognizance; and ordered a scire facias to issue against the defendants, to show cause why the state should not have execution against them for the amount of their recognizance aforesaid, with costs. The bail now renewed their former motion to be discharged from their recognizance on the same ground; which motion was overruled.

No objection is here suggested to the form of the affidavit or recognizance. The ground relied on is, that the affidavit was made before *Hazlerigg*, a justice of the peace, and the recognizance was taken by *Webb*, an associate judge; but we are unable to discover wherein this is objectionable. There is no question but an associate judge has authority, by the act of assembly, to take such a recognizance. The objection seems to arise to his taking it on an affidavit made before another officer (1); but we have seen no case that looks beyond the face of the recognizance on a motion of this nature. The recognizance when filed is in the nature of a conditional judgment of record; and when the recognizors fail to comply with the condition, the judgment becomes absolute, and stands independent of any previous proceedings. But should we go back and look at the affidavit, we can see many cases where this recognizance might regularly have followed this affidavit. Let one suffice. If, when the charge was made before the justice of the peace, the parties had voluntarily appeared before the associate judge, and entered into the recognizance, he would not only have been au-

Nov. Term, thorized but bound by virtue of his office to take it. Whether
1822.      this or something similar was the case, it is unnecessary to in-
           quire.
ADAIR
  v.           The assignment of errors alleges that there was no indictment
THE STATE. found against *James Adair*, jun., and that therefore the recogni-
           zance should have been set aside. We have no evidence of
           the truth of the premises, that no indictment was found; but if
           such was the fact, we do not discover how the conclusion fol-
           lows from the premises. The first condition in the recogni-
           zance was, that *James Adair*, jun., should appear before the judg-
           es of the *Fayette* Circuit Court, on the first day of the term, to an-
           swer to the charge; which condition was violated on the first day
           of the term by his failure to appear. 1 Chitt. C. L. 105.—1 Com.
           Dig. 603.   And although the judgment of forfeiture was in the
           power of the Court during the term, yet the recognizors had
           no claim to a suspension of that judgment without the appear-
           ance of the principal in Court. Had he appeared after the
           first day of the term, and had no indictment been found against
           him, he and his bail would no doubt have been discharged from
           their recognizance, more through the favour of the Court than
           the strict justice of their case.
               On this judgment a scire facias issued, which was executed
           on *James Adair*, sen.; and an alias, which was executed on *John
           Adair*; and both were returned *nihil* as to *James Adair*, jun. *James
           Adair*, sen., and *John Adair* appeared, and severally pleaded that
           there was no such recognizance as that set forth in the scire fa-
           cias: on which pleas issues were joined. The Court decided
           that the pleas were insufficient to bar the award of execution,
           and that the state have execution on the judgment. The for-
           mer part of this decision as thus entered is irregular, inasmuch
           as the sufficiency of the pleas was not in question, issues being
           taken on them; but the decision is substantially correct, the
           main question being whether or not the state should have exe-
           cution.
               It is contended that the recognizance is several, that there is
           a joint scire facias against the three, and a joint judgment against
           two only. Such is not the fact. The terms joint and several
           are not strictly applicable to these proceedings. The recogni-
           zance, although but one instrument, contains three distinct obli-
           gations, each for a separate sum of money. Each of the three
           *Adairs* acknowledged himself indebted to the state in the sum

of 1,000 dollars. Each of these obligations has an independent existence, and the discharge of one would have no effect upon the others (2). The judgment and award of execution are not entered with clerical precision, but the nature of the claim of the state against each of the three defaulters is clearly maintained throughout the proceedings. There is nothing joint. The one entry of judgment operates as a separate judgment. against each, for the sum of 1,000 dollars. So with the scire-facias. It is but one writ, but it operated in requiring each one to show cause why the state should not have execution against him in particular. The award of execution against two has nothing in it irregular. The execution is not awarded against them jointly. Neither of these two defendants is charged with the demand against the other, nor with the demand against *James Adair,* jun. Each one is liable on his own obligation only, and is unaffected by the judgment or execution against the others. And if the state should never have execution against *James Adair,* jun., the liability of *James Adair,* sen., and *John Adair* is not thereby increased, except it may be in the payment of costs, which each is bound to pay, inasmuch as three several writs of scire facias might have issued on this recognizance (3).

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*Caswell,* for the plaintiffs.

*Moore,* for the state.

(1) One magistrate may commit on an affidavit taken before another magistrate. Per *Marshall,* C. J. 1 Burr's Trial, 24.

(2) So in debt on a bond, whereby *N. C., G. S. W.,* and *J. W.* acknowledged themselves held and bound to the plaintiffs in "1,000*l.* each, for which they bound themselves, and each of them for himself, for the whole and entire sum of 1,000*l.* each," subject to a condition that *G. B. M.* should render a true account of all moneys received by him as treasurer, &c.; it was held, that this was a several bond only, and that the obligees, by removing the seal of one obligor, did not render it void as to the others. *Collins et al.* v. *Prosser et al.,* 1 Barn. & Cress. 682.

(3) In cases where a recognizance is forfeited on the return of non est to a ca. sa., the plaintiff may proceed against the bail and principal, if he be joined in the recognizance, by sci. fa., or action of debt. The plaintiff is at liberty to bring either one action of debt against all the persons bound in the recognizance, or several actions against each of them. But one sci. fa. is sufficient; because the recognizance, upon which the sci. fa. is founded, being. joint and several, and the purport of it being to have execution according to the form and effect of the recognizance, it therefore follows that, although the sci. fa. be joint, the execution may be several. 2 Will. Saund. 72, b. note.