*J. E. McDonald, A. L. Roache* and *D. Sheeks*, for appellants.

*R. Hill*, for appellees.

———————

## FLEECE and Another *v.* THE STATE.

RECOGNIZANCE.—SUIT ON.—Suit upon a recognizance conditioned for the appearance of the accused to asnwer a criminal charge upon the first day of the next succeeding term of the court. The breach alleged was a failure to appear on the day named. Answer by the surety, that the grand jury

impanneled at the term of the court to which said recognizance was returnable, investigated the charge and found no bill of indictment against the accused.

*Held,* that the answer was bad.

APPEAL from the *Montgomery* Circuit Court.

ELLIOTT, J.—This was a suit by the State, on a recognizance executed by *John C. Fleece, John Fleece* and *James Daugherty,* on the 5th of *May,* 1863, in the sum of $2,000, conditioned that said *John C. Fleece* should be and appear before the judge of the *Montgomery* Circuit Court, on the first day of the next ensuing term thereof, and answer to a charge of assault and battery with intent to murder, and abide the judgment of said court. The breach alleged is, that the said *John C. Fleece* did not appear before the judge of the said *Montgomery* Circuit Court on the first day of the term next succeeding the date of said recognizance, though three times audibly called and required so to do. The complaint avers a proper judgment of forfeiture.

There was no process served on, or appearance by *John C. Fleece,* the principal in the recognizance. The sureties appeared and answered, that the grand jury, at the said *September* term, 1863, of said court, investigated said charge, against said defendant, *John C. Fleece,* and found no bill of indictment against him for said alleged offense, and that neither the said *John C.,* nor, his sureties in said recognizance were called, on said recognizance, until the said grand, jury had ignored an indictment for said alleged offense,, and had been discharged by the court; nor had said *John C. Fleece* at any time since been indicted for or upon said charge. The court sustained a demurrer to the answer, and, the defendants refusing to answer further, rendered judgment against them for the amount of the recognizance.

The ruling of the court in sustaining the demurrer to the answer raises the only question in the case. The ruling of the court, we think, was correct. It was the duty of the principal in the recognizance to appear on the first day of

the succeeding term of the court to answer to said charge. The record of forfeiture, filed with the complaint, shows that he did not so appear, and for that reason the recognizance was adjudged forfeited. The answer does not claim that he appeared on the first, or any other day, nor does it show any valid excuse for his failure. If he had appeared as required by his recognizance the court, after the grand jury was discharged, without having found an indictment against him for the offense charged, would doubtless have discharged him and his sureties from the recognizance, unless some proper reason existed why such discharge should not be entered, and until then it was the duty of the accused to be in attendance on the court. *Adair et al.* v. *The State*, 1 Blackf. 200; *The State* v. *Cooper et al.*, 2 *id.*, 226; *Wilson* v. *The State*, 6 *id.*, 212; *Chamberlain* v. *The People*, 2 Comstock, 82.

The judgment is affirmed, with costs.

*S. C. Willson*, for appellants.

*D. E. Williamson*, Attorney General, for the State.