Filed Sept. 18, 1891.

---

No. 271.

### THE STATE, EX REL. MICHENER, ATTORNEY GENERAL v. SCANLON.

SHERIFF.—*Liability of for Deposit in Lieu of Bail.*—While the sheriff is not authorized by statute to receive money on deposit in lieu of bail, yet if he does so from a prisoner in his charge, he is liable to the State for the money received.

SAME.—*Estoppel to Deny Legality of Transaction.*—The act of receiving the money amounted to an agreement on his part to pay it to the clerk, who alone had the statutory right to receive it, and he is estopped to deny the legality of the transaction, or the prisoner's liability.

SAME.—*Action in Rem.—Notice by Publication.*—Proceedings by the State against the sheriff to recover the deposit, after forfeiture thereof declared, are purely *in rem* so far as they affect the prisoner, and therefore while he was served with notice by publication, being a non-resident, and not personally, he was as fully bound by such proceedings as if the service had been personal.

SAME.—*Setting Aside Judgment of Forfeiture.—Pleading.*—In such action, the complaint need not aver that the judgment of forfeiture had not been set aside, the presumption being that the judgment remains in force till the contrary is alleged.

SAME.—*Judgment of Forfeiture Equivalent to Demand.—Pleading.*—The judgment of forfeiture was equivalent to an order upon the sheriff to pay the money into court, and an averment of a demand was unnecessary.

The State, *ex rel.* Michener, Attorney General, *v.* Scanlon.

SAME.—*Judgment of Forfeiture.—Indictment.*—Where a prisoner, held to bail by a justice of the peace, to answer any indictment that might be returned against him by the grand jury, deposits money with the sheriff in lieu of bail, it is not necessary, in an action against the sheriff to recover the deposit, to aver that an indictment was returned.

SAME.—*Payment to Successor.*—The complaint, which alleged that the sheriff failed to pay the money, as he was in duty bound, is not defective because it did not allege that he failed to pay it to his successor.

SAME.—*Order Setting Aside Judgment of Forfeiture Procured by Collusion and Fraud.—Collateral Attack Upon.*—Where the prosecuting attorney and sheriff, for the purpose of defrauding the State, procured by collusion and fraud an order of court setting aside the judgment of forfeiture, the order so procured is void, and may be collaterally attacked.

From the Benton Circuit Court.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for appellant.

*E. P. Hammond, D. Frazer* and *W. Isham,* for appellee.

REINHARD, J.—This was an action by the State, on the relation of the attorney general, against the appellee, who was the sheriff of Benton county.

The complaint is in three paragraphs. The substance of the first paragraph is as follows: That, on the 16th day of March, 1885, in vacation, an affidavit and information were filed in the court below against one William Curry, charging him with carrying concealed a dangerous and deadly weapon; that a warrant was issued and placed in the hands of Scanlon, the appellee here, who was the sheriff of Benton county from 1884 to 1886, in pursuance of which he arrested Curry; that at the then preceding term of the Benton Circuit Court bail in such cases had been fixed at $100, which amount had been duly endorsed on said warrant; that, on the 26th day of March, 1885, Curry, being under arrest and in the custody of said sheriff, upon said charge, in lieu of the recognizance bond provided for by the statute, deposited with the appellee, as such sheriff, the sum of $100 in money, conditioned that Curry should appear before the Benton Circuit

Court, at the proper time, to answer such charge ; that at the next ensuing term of the court the cause was called for trial, and Curry, failing to appear, was defaulted, and a forfeiture of said deposit declared by the court, in favor of the State of Indiana ; that the prosecuting attorney has failed and neglected to bring suit upon said forfeiture, and that Scanlon has failed to pay to the clerk of the court the money so deposited with him.

The second paragraph avers, in substance, that at the same time an affidavit and information were filed against said Curry, in which he was charged with assault, and that the sheriff (Scanlon) having arrested said Curry upon a warrant issued on said charge, and having him in custody, accepted from said Curry a deposit of $100 in money in lieu of the bail which had been previously fixed at that amount by the court. In all respects, other than the nature of the charge, the remaining averments were similar to those in the first paragraph.

The third paragraph alleged that, on the 15th day of March, 1885, an affidavit and information were filed before a justice of the peace of Benton county, charging the defendant William Curry with a violation of the " *common law* " of the State of Indiana ; that, upon examination before the said justice, Curry was adjudged guilty, and held to bail in the sum of $500 for his appearance in the circuit court at the next term to answer any indictment the grand jury might return against him ; that, Curry failing to give bail as ordered by the justice, the latter made out a *mittimus,* and committed him to the custody of the appellee, who was the sheriff and jailer of Benton county ; that, on the 30th day of March, 1885, Curry being still in custody, in order to secure his freedom, and in lieu of the bail required by statute, deposited with the appellee the sum of $500 in money, conditioned for his appearance at the next term of court. In other respects the averments are substantially the same as in the other paragraphs.

Curry was made a defendant, and served with notice by publication.

A separate demurrer was filed to each of the paragraphs of the complaint, and overruled.

The grounds of demurrer specified were as follows :

1. Want of sufficient facts.
2. Plaintiff had no capacity to sue.
3. Plaintiff's relator had no capacity to sue.
4. The court had no jurisdiction of the subject-matter.
5. The court had no jurisdiction of the person of Curry.
6. A defect of parties defendant, in this, that William Curry and the prosecuting attorney of the 30th judicial circuit should be made defendants.

Curry, who was a non-resident of the State, was made a party defendant, we are told in the complaint, for the purpose of foreclosing any claim he might be disposed to set up to the money in controversy.

The appellee answered in two paragraphs, viz. :

1. The general denial.
2. That the orders of court declaring forfeitures of the money mentioned in the complaint as having been deposited with the appellee, had afterwards, by the same court, been set aside and remitted by its orders and judgment duly entered of record, which orders and judgment setting aside and remitting such forfeitures were still in full force and effect.

The State demurred to the second paragraph of this answer, but the demurrer was overruled.

A reply was filed in two paragraphs. The first was the general denial, which was subsequently withdrawn.

The court sustained a demurrer to the second paragraph, and the State refusing to plead further, judgment was rendered in favor of the defendant (appellee) upon the pleadings.

The averments of the second paragraph were as follows : " That the judgment and orders setting aside and remitting

the forfeitures named in the second paragraph of the answer were obtained by fraud, in this : ' That Matthew H. Walker was then the prosecuting attorney, duly elected and acting ; that as such prosecuting attorney he procured the judgment and orders set out in the complaint herein; that the defendant Scanlon, afterwards, at a subsequent term of the court, for the purpose of keeping the moneys in his hands, as shown by the complaint herein, without any notice to the State of Indiana, well knowing that the defendant William Curry had gone beyond the jurisdiction of the court, and abandoned and forfeited his right to the money, and knowing said Curry was not in court, confederated with the said Walker, and procured him to make the motion upon which the judgment and orders mentioned in the answer of the defendant Scanlon, as prosecuting attorney," [were obtained], " when, in truth, he was appearing for said defendant Scanlon, in furtherance of a scheme to have the defendant Scanlon keep and appropriate the said money to his own use ; that at the time said judgment and orders were made the State was not represented except by said Walker, and his services were procured by the defendant Scanlon, as the defendant well knew ; that the court was thereby deceived into believing that the State was represented and making said orders and judgment, and the State was thereby deceived, and had no notice that any such proceedings were being had.

"Wherefore relator says that said defendant Scanlon still has and retains said moneys, and has not paid the same to the defendant William Curry."

By the exceptions taken, and the assignment of errors, and cross-errors, the parties have presented for our decision several questions. The first one which we will consider is, whether appellee, as sheriff, having in his charge a prisoner arrested by him upon a warrant upon which bail was endorsed, is liable to the State for money received by him on deposit by such prisoner in lieu of bail.

The statute provides that any officer authorized to execute a warrant in a criminal action may take the recognizance and approve the bail; it also provides that the defendant may, instead of giving bail, deposit with the clerk of the court to which the defendant is held to answer the sum of money mentioned in the order. Sections 1705, 1706, R. S. 1881.

There is no provision which, in express terms, authorizes the sheriff to receive money on deposit in place of bail.

We are not aware that this identical question has ever been passed upon by the Supreme Court of Indiana. We are not left, however, entirely without authority.

It was held by the Supreme Court of Illinois, in the absence of any statute authorizing a sheriff to take money in place of bail, that where money is deposited with such sheriff for the appearance of a prisoner who makes default, it is proper to treat the money as if it had been recovered on a recognizance. *County of Rock Island* v. *County of Mercer*, 24 Ill. 35.

This case is approvingly commented on by the same court in a later decision, where the person who had deposited the money with the sheriff for the prisoner sought to recover it back because the sheriff had no authority to take it in the first instance, and also because the person who deposited the money was then ready to give the recognizance for the prisoner as originally ordered. The court held that while the act of taking the money was unauthorized and illegal, yet the plaintiff himself, having contributed to the unlawful act, was *in pari delicto*, and had therefore no right to the money. *Smart* v. *Cason*, 50 Ill. 195.

In the case before us, it was the prisoner himself who deposited the money. If the act was an illegal one, and one by which he wrongfully and illegally procured his discharge, he was himself a party to such wrongful act, and could never be heard to say that on account of this very illegality he is

entitled to recover back the money by means of which he secured his discharge.

If then it be true that the appellee could not be compelled to pay back the amount of the deposits to Curry, the depositor, the question arises, what is to become of the money? Has the sheriff, by his laches in failing to take such bail as the law directs, and thus enabling the prisoner in his charge to escape, placed himself in a position more favorable to him than if he had done his duty in the premises? We think not. We think when he received this money it became his duty at once, as an officer of the court, to place it in the hands of the clerk, who alone had the statutory right to receive it in the first instance. The act of receiving the money amounted to an agreement on his part to pay it to the clerk, the legal custodian, for Curry, and he is estopped to deny the legality of the transaction.

Mr. Bigelow, in his valuable work on estoppel, uses this language: "An estoppel arises also, in the absence of mistake, against a person who collects or receives money for another to deny his own authority to take the money or the right of the other to receive it, so long, at all events, as no superior title is set up in anybody else. * * * Thus, it has been held that one can not set up the invalidity of a statute in bar of an action for money which he has collected for the plaintiff under such statute." Bigelow Estoppel (5th ed.), 686, and authorities cited.

In a California case it was decided that if a county treasurer receives money as belonging to the county, he is afterwards estopped to deny that it is the county's money. *McKee* v. *Monterey County*, 51 Cal. 275.

And upon this general principle it has been held in Alabama and other States that a tax collector or other municipal officer, when sued for moneys collected by him as such, which he failed to pay over, can not controvert the legality of the tax imposed, or the regularity of the assessment. *Perryman* v. *City of Greenville*, 51 Ala. 507. To the same

effect see, also, *Board, etc.,* v. *Serrett,* 31 La. Ann. 719 ; *Morris* v. *State,* 47 Texas, 583 ; *Cairns* v. *O'Bleness,* 40 Wis. 469:

We hold, therefore, that the appellee, by taking the deposit in place of bail, as provided by statute, rendered himself liable to the State to the extent of the amount received by him, unless the record discloses other facts in the case by reason of which such liability has ceased or in some way been overcome.

The next question which arises is as to the validity of the warrants upon which Curry was arrested.

Appellee contends that the warrants were absolutely void, and that the sheriff having no legal authority to arrest Curry, any bail taken by the sheriff from Curry would have been ineffectual.

We have already seen that where an officer or other person receives money for another, or for a certain purpose, he is estopped from denying the legality of the transaction by virtue of which the money was received by him. But we can not concede the claim of the appellee that the warrants were void. Those named in the first and second paragraphs were for misdemeanors, and nothing is shown in appellee's brief which indicates that they were for any reason invalid or based upon an invalid charge. As to the arrest named in the third paragraph, it appears to be regular also. The prisoner was in custody of the sheriff by virtue of a *mittimus* issued by the justice who had conducted the examining trial, and by whom he was ordered to give bail. Nothing is shown why the prisoner was not lawfully in the sheriff's custody.

We are next confronted with the argument by the appellee that, as Curry was not served with personal service, no judgment that the court might have rendered against him would have been binding on him, and would, therefore, be no bar to any action which he might, in future, be disposed to bring against the appellee, and that consequently the State could not recover the money from the appellee until the rights of Curry in the money had been determined against him.

We do not think this position of the appellee can be maintained. We have already found that Curry has no interest whatever in the money in question. But, even if this were not so, the conclusion which the appellee claims would not follow.

Curry, as is shown by the record, and as appears in the complaint, was made a party defendant. It was shown that he was a non-resident of the State, and that notice by publication was had against him. These proceedings, so far as they affect him, are purely *in rem*, and he is bound by them as fully as if the service were personal. Freeman Judg., sections 606–612. ·

It is insisted for the appellee that before there can be any liability on the part of appellee the facts pleaded must authorize a recovery against Curry and his surety, in case he had given a recognizance and there had been a forfeiture.

Without attempting further to follow this line of argument, it will be sufficient to give it as our deliberate conclusion that the estoppel covers the entire ground.

The appellee, by accepting the money, has placed it beyond his power to dispute the liability of Curry. Curry has acknowledged his liability by suffering a forfeiture of the money, and by making default in this action.

The appellee, when he departed from the legal course of detaining the prisoner until he had given bail, and took the money instead, impliedly agreed that he would apply the money to the purpose for which it was intended. He can not now be permitted to profit by a disregard of his plain legal duty.

It is further urged against the sufficiency of the complaint, that it is not averred, in either of the paragraphs, that the judgment of forfeiture had never been set aside. Such an averment is not necessary. The presumption is, that the judgment remains in force till the contrary is alleged. *Law* v. *Vierling*, 45 Ind. 25; *Campbell* v. *Cross*, 39 Ind. 155.

It is next claimed that before there could be a recovery there must be an averment and proof of a demand.

We think, however, that the judgment of the court ordering a forfeiture was a sufficient demand. As the sheriff was the custodian of the money, and an officer of the court, and present during all its proceedings, the judgment of forfeiture was equivalent to an order upon the sheriff to pay the money into court. No more formal demand than this was necessary.

The next point which the appellee makes is, that in order to warrant a forfeiture upon the deposit given in the case where Curry was recognized by the justice to answer any indictment that might be returned against him by the grand jury, it was necessary that an indictment should be actually returned, and that there should be a failure to appear afterwards. He argues that, as the paragraph of complaint counting upon this particular forfeiture does not aver that there was an indictment returned, it was insufficient for that reason, and that the decision of the court in overruling the demurrer to this paragraph was, therefore, erroneous.

Again, we say, the argument is fully met, as we think, by pointing to the fact that the appellee has received the money, and that it does not lie in his power to dispute the legality of the transaction by which he obtained it. But we do not regard it at all necessary that there must be an indictment returned before there can be a forfeiture.

Section 1721 of the statutes provides that whenever the presence of the defendant may be lawfully required according to the condition of his recognizance, and the defendant fails to appear without sufficient excuse, the forfeiture must be directed.

If this were an action upon a forfeited recognizance, the fact that no indictment was returned could not be pleaded even by the surety on the recognizance. It is the duty of the defendant to appear from day to day until the case

has been disposed of. *Fleece* v. *State*, 25 Ind. 384; *Wilson* v. *State*, 6 Blackf. 212.

It is also claimed that the complaint is defective for not averring that the appellee had failed to pay the money in dispute to his successor in office. There can be no merit in this objection.

At the time of the acts complained of the appellee was the sheriff in office. The several paragraphs aver, either that he failed to pay the money to the clerk, or that he failed to pay the money, as he was in duty bound. If he has since paid it to his successor, he should set up such payment in his answer.

It is averred in the answer that the forfeiture was subsequently set aside. Counsel for the State suggest that the court has no power to remit forfeitures. *Butler* v. *State*, 97 Ind. 373. We do not think, however, that the act of the court amounted to a remission. It was simply an order setting aside the judgment of forfeiture. Had the forfeiture gone into a judgment, possibly the court would have no power afterwards to remit it, but as to this point it is not necessary that we should decide anything. It is certain, we think, that the court has power to set aside its own orders of forfeiture, upon proper excuse shown.

It is alleged, however, in the reply, that the State was not represented when the forfeiture was set aside by the court, and had no notice of the application; that the prosecuting attorney, though nominally present and appearing for the State, was in collusion with, and really employed by and acting for the appellee; that the appellee, in order to be allowed to keep the money deposited with him, and knowing that Curry had left the State, procured the prosecuting officer to make application to set aside the forfeiture and consent to the same, and thus wilfully deceived and practiced a fraud upon the court.

It seems to us quite clear that the reply was sufficient. If the facts therein pleaded are true—which the demurrer ad-

mits—the order of court setting aside the forfeiture was a nullity. The order was procured by the fraud of the appellee and the collusion of the appellee and the prosecuting attorney, to cheat the State. A judgment or order thus obtained is void and may be attacked collaterally. *Cavanaugh* v. *Smith*, 84 Ind. 380; *Shoemaker* v. *Board*, etc., 36 Ind. 175; Freeman Judg., section 336.

We think the court erred in sustaining the demurrer to the reply.

We have carefully examined the several paragraphs of the complaint, and think that each of them states a valid cause of action.

For the error of the court in sustaining the demurrer to the reply the judgment is reversed, at the costs of the appellee, with instructions to the lower court to overrule the demurrer to the reply, and for further proceedings not inconsistent with this opinion.

